FILED

Grant G. Teeple, Esq. SBN 144760
Gregory M. Garrison, Esq. SBN 165215
Jason N. Black, Esq. SBN 256261
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500
San Diego, CA  92121-3038
Telephone:  (858) 622-7878
Facsimile:  (858) 622-0411
E-Mail:     greg@teeplehall.com
            jason@teeplehall.com
            grant@teeplehall.com

2010 APR -5  PM 3: 33

CLERK U.S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

"VIA FAX"

Attorneys for Plaintiff, DOMINIQUE OSBORNE, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DOMINIQUE OSBORNE, on her own
behalf and on behalf of a class of
similarly situated persons pursuant to
F.R.C.P. 23 and 23 U.S.C. §216, and on
behalf of the General Public,

                    Plaintiffs,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a New
Jersey Corporation,

                    Defendant.

Case No. CV10 2465 JFW (CWx)

COMPLAINT IN COLLECTIVE
AND CLASS ACTION

(DEMAND FOR JURY TRIAL)

Judge: Hon.
Dept.:

Dominique Osborne, individually and on behalf of all others similarly situated (hereinafter collectively "Plaintiffs"), by their attorneys Teeple Hall, L.L.P., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

1.     Plaintiff Osborne is a former customer service call center representative employed by Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter "Prudential"). Prudential's call center employees, including Plaintiff Osborne, were, and are, required to conduct

1

Teeple Hall, LLP

1  uncompensated activities that are necessary and indispensible to the principal

2  work of Plaintiff Osborne and others similarly situated at the various Prudential

3  call centers.

4      2.      Prudential operates customer service call centers in California,

5  Pennsylvania, Connecticut, New Jersey, Texas, Illinois and Iowa among other

6  states.

7      3.      Plaintiff Osborne, and others similarly situated, worked in Agoura

8  Hills, California and other locations throughout the United States and California

9  as customer service representatives handling telephone inquiries from Prudential

10  customers regarding various Prudential programs and services.

11      4.      This is an action alleging failure to pay all wages due, in violation of

12  the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA").

13  Plaintiff seeks to recover unpaid wages and overtime compensation on behalf of

14  herself and other similarly situated current and former hourly and misclassified

15  salaried telephone customer service representatives employed by Prudential from

16  March 29, 2007 to the entry of final judgment in this action, who elect to opt-in

17  to this action pursuant to the collective action provision of the FLSA, 29 U.S.C. §

18  216(b) (the "FLSA Class").

19      5.      Plaintiff also brings this action on behalf of herself and all persons

20  who were, are, or will be employed by Prudential at any time from March 29,

21  2007 through the date of the final disposition of this action (the "ERISA Class

22  Period") who have not received full compensation for all hours worked, and who

23  were, are, or will be covered by Prudential's 401(k) Plan.   This group is

24  hereinafter referred to as the "ERISA Class".

25      6.      Prudential's ongoing pattern and practice of denying its telephone

26  customer service employees the full wages to which they are entitled permits the

27  FLSA and ERISA Classes to recover, inter alia, (a) payment of overtime wages at

28  the rate of one and one-half times the employees' regular rate for all hours

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

1   worked in excess of forty (40) hours in any given workweek; (b) unpaid overtime
2   compensation due to Prudential's failure to include all compensation in
3   calculating the regular rate for overtime premium pay; (c) liquidated damages;
4   (d) prejudgment interest; (e) attorneys' fees and costs, pursuant to 29 U.S.C. §§
5   201 et seq. and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3); and (f)
6   compensation for time worked but left uncompensated.

7                                    **JURISDICTION OF VENUE**

8        7.    Jurisdiction over Plaintiff's claims is based upon: Section 16(b) of
9   the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b); Section
10  501 (3)(1) of the Employee Retirement Income Security Act ("ERISA"), 29
11  U.S.C. § 1132(e)(1); and 29 U.S.C. §§ 1331 and 1337.

12       8.    This Court is empowered to issue a declaratory judgment under 28
13  U.S.C. §§ 2201 and 2202.

14       9.    Venue herein is proper under 28 U.S.C. §§ 1391(b) and (c) because
15  all or a substantial part of the events or omissions giving rise to the claims
16  accrued in the State of California and Prudential's contacts with within this
17  District are sufficient and substantial.

18       10.   This District of California has personal jurisdiction over Prudential
19  because Prudential (a) does business in California, (b) operates multiple call
20  centers in California, (c) employs hundreds of workers in California, and (d)
21  because a substantial part of the events or omissions giving rise to the claims
22  accrued in the State of California and within the district where Prudential
23  transacts business.

24                                    **THE PARTIES**

25       11.   Plaintiff Dominique Osborne, at all material times, was an adult
26  individual residing in Simi Valley, California.

27       12.   Plaintiff Osborne was employed by Prudential from approximately
28  August of 2008 to July of 2009.

Teeple Hall, LLP

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

13.   During her employment with Prudential, Plaintiff Osborne worked at a Prudential call center located in Agoura Hills, California.

14.   Plaintiff Osborne, within three years of this Complaint, was a non-exempt employee of Prudential within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g) but was improperly classified as an exempt employee by Prudential.

15.   Plaintiff Osborne, within three years of this Complaint, was forced to work and perform duties necessary to her employment for which she was never compensated by Prudential.

16.   All persons presently or formerly employed by Prudential in similar positions to Plaintiff Osborne, who are not exempt from the minimum wage and overtime requirements of the FLSA, are entitled to collectively participate in this action by choosing to "opt-in" and submit written consent forms to join this action.  This federal cause of action is brought as a collective action pursuant o the statutory requirements of the FLSA, 29 U.S.C. § 216(b).   After the commencement of this action, and in accordance with the local rules of the Central District of California, Plaintiffs shall file a motion for class certification of their FLSA claims as a collective action, to obtain discovery of potential class members necessary for notice, and for authorization to issue notice to the FLSA class.

## **DEFENDANT**

17.   Prudential is a corporation organized and existing under the laws of the State of New Jersey.  Prudential has its principal place of business at 751 Broad St. Newark, New Jersey, 07102.

18.    Upon information and belief, Prudential is a nationwide provider of insurance and financial services.

/ / /

/ / /

Teeple Hall, LLP

19.   Upon information and belief, in addition to call centers located in California, Prudential call centers are located in Pennsylvania, Texas, New Jersey, Illinois and Iowa.

20.   The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce (29 U.S.C. § 207(a)(1)).  Prudential is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

21.   Upon information and belief, Prudential was the "employer" of Plaintiffs as that term is defined by the federal laws pled herein (29 U.S.C. § 203(d).

22.   Upon information and belief, Plaintiffs were "employees" of Prudential as that term is defined by the federal laws pled herein.  (29 U.S.C. § 203(e).

23.   Upon information and belief, and at all times relevant hereto, Prudential was aware of applicable federal laws and regulations governing wages and overtime compensation.

24.   Prudential is the plan sponsor and, upon information and belief, a named fiduciary of Prudential 401(k) plan (hereinafter "the plan").  Alternatively, Prudential exercises discretionary authority through its owners and officers and the Plan administrator with respect to management and disposition of the Plan assets.  The actions of the owners, officers, administrators and other employee fiduciaries with respect to the Plan are imputed to Prudential through the doctrine of respondeat superior, rendering Prudential liable for their actions.

/ / /

/ / /

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

Teeple Hall, LLP

# FACTUAL ALLEGATIONS

25.    Plaintiffs and other similarly situated current and former non-exempt, hourly employees at Prudential call centers nationwide were not paid for all of the hours that they worked, including overtime compensation due for all hours worked above and beyond forty hours in a single work week.

26.    Plaintiffs were required by Prudential to perform work related duties off the clock.  Plaintiffs were not compensated for work duties performed before and after each scheduled shift and during unpaid rest and meal breaks.  Accordingly, Plaintiffs and the members of the FLSA Class have not been paid for all hours actually worked.

27.    Plaintiff and the FLSA and ERISA Classes are and were subject to Prudential's policies and practices of failing to accurately record and compensate its employees for any and all overtime worked, and Prudential's policy and practice of failing to credit all compensation earning or owing as compensation under the 401(k) plan.

28.    Plaintiffs spent time before each shift engaging in work activities such as booting up and logging on to their computers, and logging on the multiple computer and phone programs.  These activities began the continuous workday and were necessary and indispensible to Plaintiffs' principal work and were performed for the benefit of Prudential.

29.    Plaintiffs spent time at the end of each shift engaging in work activities such as completing answering and servicing Prudential customer telephone calls, shutting down and logging off of their computers, and logging out of multiple computer and phone programs.  At the end of their paid shifts, Plaintiffs were required to complete paperwork, write correspondence to customers, and perform other tasks that were necessary and indispensible to Plaintiffs' principal work and were performed for the benefit of Prudential.  All of these activities are included within the continuous workday.

30.     Plaintiffs were required to stay on a telephone call with a customer until the call was complete.   If the call continued into the time allotted for Plaintiffs' rest or meal breaks or shift end, Plaintiffs and members of the FLSA Class were required to continue servicing the call, without compensation.   This work activity is part of the continuous workday.

31.     At all relevant times, Prudential's time keeping program automatically deducted thirty (30) minutes for lunch each day, regardless of whether Plaintiff and other members of the FLSA Class performed work during the lunch period.

32.     At all relevant times, Prudential had the ability to accurately record the actual time Plaintiffs spent working.   There are no administrative burdens associated with recording Plaintiffs actual work time.   Nevertheless, Plaintiffs were only paid according to their scheduled shift times.

33.     At all relevant times, Prudential paid Plaintiffs and members of the FLSA Class earned incentive payments.   Incentive payments were not included in calculating the regular rate of pay for purposes of paying overtime under the FLSA.   Consequently, Prudential has failed to pay the appropriate overtime compensation due under the FLSA.

34.     Prudential's failure to pay Plaintiffs and similarly situated FLSA Class members the proper wages for all hours worked, as set forth in the preceding paragraphs, occurs on a daily basis.   These violations were and are ongoing, continuous, knowing and willful.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

35.     Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action, on behalf of the FLSA Class.

36.     Plaintiff and the FLSA class are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Prudential's common practice, policy, or plan of unlawfully failing to pay for all

7

Teeple Hall, LLP

1   hours worked, including pay at overtime rates.

2       37.   The names and addresses of the FLSA class are available from

3   Prudential's records.  Notice should be provided to the FLSA class as soon as

4   possible.

5       38.   Plaintiff Osborne has consented in writing to be a party to this

6   action, pursuant to 29 U.S.C. § 216(b), and agree to be collective action

7   representatives in this matter.  A copy of Plaintiffs' consent to join this action

8   were filed in accordance with 29 U.S.C. § 216(b) and are attached to this

9   Complaint as Exhibit "A".

10      39.   Plaintiffs bring their second and third cause of action for violations

11  of ERISA as a class action under Rule 23(a), (b)(1) or (b)(2), on behalf of all

12  ERISA Class members.

13      40.   The putative ERISA class action is based upon the same conduct

14  engaged in the by Defendant in not paying its call center employees for all

15  compensable work to which they are entitled to under federal law.

16      41.   Members of the putative class are so numerous that joinder of all

17  such members is impracticable.  Although the exact size of the putative class is

18  unknown, it is believed and alleged that the number of persons employed as call

19  center employees by Prudential is at least 2,000 persons.

20      42.   There are common questions of law and fact applicable to the

21  putative class with respect to liability issues, relief issues, and anticipated

22  affirmative defenses.  For example, common questions of fact include but are not

23  limited to Prudential's record keeping practices and failure to maintain accurate

24  records of actual time worked and wages earned by Plaintiffs and the ERISA

25  class; and Prudential's liability under ERISA.

26      43.   Plaintiffs' claims are typical of the ERISA class.  Plaintiffs, like all

27  other ERISA class members, are and were subject to Prudential's policies and

28  practices of misclassifying employees as exempt, failing to record overtime

*Teeple Hall, LLP*

Teeple Hall, LLP

1   worked, and Prudential's policy and practice of failing to credit all compensation
2   earning or owing as compensation under the 401(k) plan.

3         44.     Plaintiff Osborne will fairly and adequately protect the interests of
4   the putative class.   Plaintiff Osborne has no conflict with the putative class
5   members.  Plaintiff Osborne's counsel possesses the requisite resources and skill
6   to prosecute this case and are experienced in class action litigation.

7         45.     Class certification of the second and third causes of action are
8   appropriate under Rule 23(b)(1) because adjudications with respect to individual
9   members of the Class would, as a practical matter, be dispositive of the interests
10  of the other members.   In addition or alternatively, class certification of the
11  ERISA class claims are appropriate under Rule 23(b)(2) because Prudential acted
12  or refused to act on grounds generally applicable to the ERISA class, making
13  appropriate declaratory and injunctive relief with respect to Plaintiffs and the
14  ERISA class as a whole.

### FIRST CAUSE OF ACTION
### -UNPAID OVERTIME COMPENSATION-

17        46.     Plaintiffs reallege and incorporate by reference all allegations in all
18  preceding paragraphs.

19        47.     At all relevant times, Plaintiffs and other similarly situated current
20  and former employees were engaged in commerce and/or the production of goods
21  for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

22        48.     At all relevant times, Plaintiffs and others similarly situated are or
23  were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a) in that
24  they were engaged in commerce and or the production of goods for commerce
25  within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and were employed by
26  Prudential.

27        49.     Prudential was and is an employer subject to the overtime wage
28  provisions of §§ 201 et seq. of the FLSA.

50.    Prudential has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages at the statutorily required rate because it has failed to include all compensation, inclusive of incentive pay, into the regular rate of pay for all hours worked in excess of forty (40) in one workweek, to which they were entitled under 29 U.S.C. § 207(e).

51.    The FLSA class is entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. Prudential's failure to pay overtime to the FLSA class was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Prudential did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Act, as amended, 29 U.S.C. § 260.  Accordingly, the FLSA Class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Prudential did not act willfully in failing to pay overtime pay, the FLSA employees are entitled to an award of pre-judgment interest at a the applicable legal rate.  Reasonable attorneys' fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

52.    Pursuant to 29 U.S.C. 216(b), Plaintiffs herein allege that on behalf of themselves and the FLSA class that they are entitled to unpaid wages and overtime premiums from Defendant for work performed and which was not paid, as required by law, and entitled to liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201, et seq.

/ / /

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

Teeple Hall, LLP

## SECOND CAUSE OF ACTION

### -Violations of the Employee Retirement and Income Security Act (ERISA)-

53.     Plaintiffs reassert and reallege the allegations set forth in the preceding paragraphs.

54.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

55.     On information and belief, Prudential's 401(k) plan is an employee benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. § 1002(3).

56.     Pursuant to the terms of the 401(k) plan, Plaintiff and the class' rights to share in the contributions of the plan are dependent, in part, on their total compensation, which, upon information and belief, is defined by the Plans governing instrument to include, among other things, employee's overtime wages.

57.     By its failure to accurately record and report all of the hours worked by Plaintiff and members of the prospective ERISA class, Prudential has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of the 401(k) plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

58.     In order to remedy the violation of ERISA by Prudential, Plaintiff on behalf of herself and members of the ERISA Class seek injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

59.     Plaintiff, on behalf of herself and members of the ERISA class, seek recovery of their attorneys' fees and costs of action to be paid by Prudential, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## THIRD CAUSE OF ACTION

### Violations of the Employee Retirement and Income Security Act (ERISA)

#### – *Breach of Fiduciary Duty*-

60.    Plaintiff reasserts and realleges the allegations set forth in the preceding paragraphs.

61.    ERISA § 404(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interests of the participants and beneficiaries, and inter alia, 1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the Plan.

62.    On information and belief, the governing instrument of the 401(k) Plan confers on Prudential discretionary authority, responsibility, or control with respect to the crediting of compensation, thereby rendering Prudential a fiduciary in that regard.

63.    On further information and belief, Prudential has exercised actual discretionary authority, responsibility, or control in determining what compensation would and would not be credited under the 401(k) Plan. By reason of the exercise of such discretion, Prudential has been a fiduciary of that Plan with respect to the crediting of compensation.

64.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff on behalf of herself and all members of the ERISA Class seek an injunction requiring Prudential to credit all members of the ERISA class with compensation under the 401(k) Plan for all of the past and future work, including overtime work, performed by those class members and any other equitable relief as this

1   Court deems appropriate.

2       65.    Plaintiff, on behalf of herself and members of the ERISA Class, seek

3   recovery of their attorneys' fees and costs of action to be paid by Prudential, as

4   provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

6       WHEREFORE, Plaintiff Dominique Osborne, on behalf of herself and all

7   other similarly situated FLSA Class members respectfully request that this Court

8   grant the following relief:

## FIRST CAUSE OF ACTION

### -FLSA CLASS-

11   a.   Designation of this action as a collective action on behalf of the

12       FLSA Class members and prompt issuance of notice pursuant to 29

13       U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in

14       class, apprising them of the pendency of this action, permitting them

15       to assert timely FLSA claims in this action by filing individual

16       Consents to Sue pursuant to 29 U.S.C. § 216(b);

17   b.   Appointing Plaintiffs and their counsel to represent the FLSA Class

18       Members;

19   c.   An award of unpaid compensation due the FLSA;

20   d.   An award of unpaid overtime compensation due under the FLSA;

21   e.   An award of liquidated and/or punitive damages as a result of

22       Prudential's willful failure to pay overtime compensation pursuant

23       to 29 U.S.C. § 216;

24   f.   An award of prejudgment and post-judgment interest;

25   g.   An award of costs and expenses of this action together with

26       reasonable attorneys' and expert fees; and

27   h.   Such other and further relief as this Court deems just and proper.

28   ///

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

Teeple Hall, LLP

## SECOND & THIRD CAUSE OF ACTION

### *-ERISA CLASS-*

WHEREFORE, Plaintiff Dominique Osborne, on behalf of herself and all members of the ERISA Class, pray for relief as follows:

a.   Certification of this action as a class action on behalf of the proposed ERISA Class;

b.   Designation of Named Plaintiffs as Representatives of the ERISA Class;

c.   A declaration that the practices complained of herein violate ERISA § 209(a), 291 U.S.C. § 1129(a);

d.   Appropriate equitable and injunctive relief to remedy Prudential's violations of ERISA § 209(a);

e.   A declaration that Prudential has breached its fiduciary duties by failing to credit the Plaintiff and the ERISA Class with compensation for all work performed, as required by ERISA and the terms of the 401(k) Plan;

f.   An order requiring that Defendant remedy its breaches of fiduciary duty by crediting Plaintiff and the ERISA Class with compensation for all of their past, present and future uncompensated work;

g.   Attorneys' fees and costs of suit, including expert fees; and

h.   For any other and further relief the Court may deem just and equitable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Osborne v. The Prudential Insurance Company of America        Case No.
Complaint

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  April 5, 2010                                    TEEPLE HALL, LLP

By: _____

Grant G. Teeple, Esq.
Gregory M. Garrison, Esq.
Jason N. Black, Esq.
Attorneys for Plaintiff,
DOMINIQUE OSBORNE

15

Osborne v. The Prudential Insurance Company of America            Case No.
Complaint

Teeple Hall, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

Osborne v. The Prudential Insurance Company of America          Case No.
Complaint

Grant G. Teeple, Esq. (SB #144760)
Jason N. Black, Esq. (SB# 256261)
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500
San Diego, CA 92121-3038
Telephone: (858) 622-7878
Facsimile: (858) 622-0411

Attorneys for Plaintiff, DOMINIQUE OSBORNE, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 23 U.S.C. §216, and on behalf of the General Public, | CASE NO. |
| | **CONSENT TO BECOME PARTY PLAINTIFF** |
| Plaintiffs, | |
| | UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b) |
| vs. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, | (PROPOSED COLLECTIVE ACTION) |
| Defendant. | Judge: |

I hereby consent, agree, and opt-in to become a "party plaintiff" in this action, seeking payment of unpaid wages under Federal law, including overtime wages, and related relief against my employer(s) including any individual(s) who may be considered my employer(s), on behalf of myself and other similarly situated former and current employees of the employer(s).

I understand and acknowledge that this lawsuit is being brought under the Fair Labor Standards Act of 1938 ("FLSA") to secure unpaid regular and overtime wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with the Defendant(s), I hereby designate the Plaintiffs' attorneys to represent me in this action.

Signature: _____
Dominique Osborne

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 2465 JFW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Gregory M. Garrison, Esq. SBN 165215
Jason N. Black, Esq. SBN 256261
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500
San Diego, CA 92121

**"VIA FAX"**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DOMINIQUE OSBORNE, on her own behalf and on behalf of a class of similarly situated persons pursuant to FRCP §23 and 23 USC §216 and *on behalf of the General public*

PLAINTIFF(S)

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation

DEFENDANT(S).

CASE NUMBER

**CV10 2465 JFW (CWx)**

**SUMMONS**

TO:   DEFENDANT(S): THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, TEEPLE HALL, LLP _____, whose address is 9255 Towne Centre Drive, Suite 500, San Diego, CA 92121 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   APR - 5 2010

By: _____

CHRISTOPHER POWERS

**SEAL**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS

"VIA FAX"

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DOMINIQUE OSBORNE, on her own behalf and on behalf of a class of similarly situated persons pursuant to FRCP §23 and 23 USC §216 and on behalf of the General Public;

**DEFENDANTS**
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gregory M. Garrison, Esq.; Jason N. Black, Esq.; Grant G. Teeple, Esq.
TEEPLE HALL, LLP
9255 Towne Centre Drive, Suite 500, San Diego, CA 92121

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FLSA, 29, U.S.C. §201 et seq.; ERISA §209(a)(1), 29 U.S.C. §1059(a)(1); ERISA §404(a)(1)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV10 2465

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Dominique Osborne, Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | The Prudential Insurance Company of America, a New Jersey corporation authorized to do business in the State of California. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date   April 5, 2010

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |