JON D. MEER (State Bar No. 144389)
jmeer@seyfarth.com
DENNIS S. HYUN (State Bar No. 224240)
dhyun@seyfarth.com
SIMON L. YANG (State Bar No. 260286)
syang@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, 35th Floor
Los Angeles, California  90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and U.S.C. 216, and on behalf of the General Public, | Case No. CV10-2465 JFW (CWx) |
| | **DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT IN COLLECTIVE AND CLASS ACTION** |
| Plaintiffs, | |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, | Complaint Filed:   April 5, 2010 |
| | Trial Date:        Not Set |
| Defendant. | Discovery Cutoff:  Not Set |
| | Motion Cutoff:     Not Set |

# ANSWER

In response to the Complaint in Collective and Class Action (the "Complaint") filed on behalf of Plaintiff Dominique Osborne ("Plaintiff"), and purportedly on behalf of all other "similarly situated" persons, Defendant The Prudential Insurance Company of America, Inc. ("Defendant") hereby admits, alleges, and denies as follows:

## GENERAL ALLEGATIONS

1.       Answering Paragraph 1, Defendant admits and alleges that Plaintiff is a former customer service associate who worked for Defendant as a non-exempt employee at its Agoura Hills, California, facility from approximately August 11, 2008 until July 16, 2009.  Defendant denies each and every other allegation contained in this paragraph.

2.       Answering Paragraph 2, Defendant admits and alleges that it operates and/or has operated call centers located in California and a number of other states. Defendant denies each and every other allegation contained in this paragraph.

3.       Answering Paragraph 3, Defendant admits and alleges that Plaintiff is a former customer service associate who worked for Defendant as a non-exempt employee at its Agoura Hills, California facility.  Among other duties, Plaintiff was responsible for handling telephone inquiries, claims processing, preparing correspondence, and various forms of quality control.  Although Plaintiff's job assignments varied during her term of employment, Plaintiff failed to show the skill set required to perform many of the tasks assigned to her and, therefore, her job duties were not typical of other non-exempt employees who had superior skills. Defendant further admits and alleges that the job assignments and duties varied significantly among other current or former customer service associates in the Agoura Hills, California facility, based on different job classifications, job tasks, job descriptions, experience, responsibilities, daily or weekly assignments, types of work performed, work hours, levels of business activity, staffing levels, training,

1

skills, supervisory structures, data systems, programs, software and other equipment.  Defendant further admits and alleges that additional differences and variations existed at its other call center facilities.  Defendant denies each and every other allegation in this paragraph.

4.      Answering Paragraph 4, Defendant admits and alleges that Plaintiff was classified as a non-exempt employee, and therefore, Plaintiff was subject to payment for all time worked, which included overtime pay if she worked overtime. Defendant further admits and alleges that its other non-exempt employees were also subject to payment for all time worked, which included overtime pay requirements if they worked overtime.  Defendant denies each and every other allegation contained in this paragraph.

5.      Answering Paragraph 5, Defendant admits and alleges that Plaintiff received full compensation for all hours worked.  Defendant further admits and alleges that its other non-exempt employees also received full compensation for all hours worked.  Defendant further admits and alleges that Plaintiff and other non-exempt employees were eligible to participate in Defendant's 401(k) benefit plan, subject to the specific written terms and conditions of the plan.  Defendant denies each and every other allegation contained in this paragraph.

6.      Answering Paragraph 6, Defendant admits and alleges that Plaintiff was subject to overtime pay requirements if she worked overtime.  Defendant further admits and alleges that other non-exempt employees were also subject to overtime pay requirements if they worked overtime.  Defendant denies each and every other allegation contained in this paragraph.

**JURISDICTION AND VENUE**

7.      Answering Paragraph 7, Defendant admits and alleges that it has complied with all applicable provisions of the Fair Labor Standards Act (the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 *et seq.*

2

Defendant further admits and alleges that jurisdiction over Plaintiff's claims is contingent upon Plaintiff's ability to satisfy the jurisdictional prerequisites for such claims.  Defendant denies each and every other allegation contained in this paragraph.

8.      Answering Paragraph 8, Defendant admits and alleges that this Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 if Plaintiff satisfies the requirements for such a declaratory judgment.  Defendant denies each and every other allegation contained in this paragraph.

9.      Answering Paragraph 9, Defendant admits and alleges that it has complied with all applicable provisions of the FLSA, codified at 29 U.S.C. § 201 *et seq.*, and ERISA, codified at 29 U.S.C. § 1001 *et seq.*  Defendant further admits and alleges that the alleged events or omissions giving rise to Plaintiff's individual claims occurred in the State of California, although the alleged events or omissions giving rise to claims of other potential class members may have accrued both inside and outside of the State of California and that the majority of the potential class members that Plaintiff seeks to represent are or were employed outside of the State of California.  Defendant denies each and ever other allegation contained in this paragraph.

10.     Answering Paragraph 10, Defendant admits and alleges that it operates and has operated the call center where Plaintiff was previously employed, in Agoura Hills, California.  Defendant further admits and alleges that does business in California.  Defendant further admits and alleges that it employs or has employed individuals in the State of California, in various capacities, performing a variety of different job duties at different locations.  Defendant denies each and every other allegation contained in this paragraph.

**THE PARTIES**

11.     Answering Paragraph 11, Defendant responds that it lacks sufficient knowledge or information to admit or deny Plaintiff's allegations and, therefore, denies each and every allegation contained in this paragraph.

12.     Answering Paragraph 12, Defendant admits and alleges that Plaintiff was employed by Defendant from approximately August 11, 2008 through July 16, 2009.

13.     Answering Paragraph 13, Defendant admits and alleges that at all times during Plaintiff's employment with Defendant, she worked at a facility in Agoura Hills, California.

14.     Answering Paragraph 14, Defendant admits and alleges that Plaintiff was classified as a non-exempt employee during her entire period of employment with Defendant.  Defendant denies each and every other allegation contained in this paragraph.

15.     Answering Paragraph 15, Defendant denies each and every allegation contained in this paragraph.

16.     Answering Paragraph 16, Defendant admits and alleges that Plaintiff was classified as a non-exempt employee and subject to payment for all time worked, which included overtime pay if she worked overtime.  Defendant further admits and alleges that other non-exempt employees were also subject to payment for all time worked, which included overtime pay if they worked overtime. Defendant denies each and every other allegation contained in this paragraph.

17.     Answering Paragraph 17, Defendant admits the allegations contained in this paragraph.

18.     Answering Paragraph 18, Defendant admits and alleges that it is a nationwide provider of a variety of different insurance and financial services and was a nationwide provider of a variety of different insurance and financial services during Plaintiff's employment at Defendant.

4

19.     Answering Paragraph 19, Defendant admits and alleges that it operates call centers located in California and a number of other states.  Defendant denies each and every other allegation contained in this paragraph.

20.     Answering Paragraph 20, Defendant admits and alleges that it was subject to the pay requirements of the FLSA, codified at 29 U.S.C. § 201 *et seq.*, and that Defendant complies and complied with all such pay requirements. Defendant further admits and alleges that it is and was an enterprise engaged in commerce and its employees are or were engaged in commerce.

21.     Answering Paragraph 21, Defendant admits and alleges that it was Plaintiff's employer as defined under 29 U.S.C. § 203(d).  Defendant denies each and every other allegation contained in this paragraph.

22.     Answering Paragraph 22, Defendant admits and alleges that Plaintiff was an employee of Defendant as defined under 29 U.S.C. § 203(e).  Defendant denies each and every other allegation contained in this paragraph.

23.     Answering Paragraph 23, Defendant admits and alleges that it has been aware of and has complied with all applicable federal laws and regulations governing wages and overtime compensation at all times mentioned in Plaintiff's Complaint.

24.     Answering Paragraph 24, Defendant admits and alleges that Defendant is the plan sponsor of a 401(k) benefit plan and that Plaintiff and other non-exempt employees were eligible to participate in this benefit plan subject to its specific written terms and conditions.  Defendant further admits and alleges that the plan administrator for the 401(k) benefit plan has the discretion to interpret the terms and conditions of the benefit plan.  Defendant denies each and every other allegation contained in this paragraph.

## FACTUAL ALLEGATIONS

25.     Answering Paragraph 25, Defendant denies each and every allegation contained in this paragraph.

12269141v.4 / 33250-270008

26.     Answering Paragraph 26, Defendant denies each and every allegation contained in this paragraph.

27.     Answering Paragraph 27, Defendant denies each and every allegation contained in this paragraph.

28.     Answering Paragraph 28, Defendant admits and alleges that Plaintiff and other non-exempt employees were paid for all time worked as required by law. Defendant further admits and alleges that Plaintiff's job responsibilities involved a variety of tasks, including without limitation, logging on and off computer programs and related telephone programs.  Defendant further admits and alleges that Plaintiff and other non-exempt employees were not required to perform any job tasks or other work without compensation.  Defendant denies each and every other allegation contained in this paragraph.

29.     Answering Paragraph 29, Defendant admits and alleges that Plaintiff and other non-exempt employees were paid for all time worked as required by law. Defendant further admits and alleges that Plaintiff's job responsibilities involved a variety of tasks, including without limitation, logging on and off computer programs and related telephone programs, processing claims, preparing correspondence and other paperwork.  Defendant further admits and alleges that Plaintiff did not regularly perform many of the job tasks assigned to other non-exempt employees, due to her inexperience and poor job performance.  Defendant further admits and alleges that Plaintiff and other non-exempt employees were not required to perform any job tasks or other work without compensation.  Defendant denies each and every other allegation contained in this paragraph.

30.     Answering Paragraph 30, Defendant admits and alleges that different policies, procedures and practices applied to different employees at different call centers at different times with respect to their different work activities.  Defendant further admits and alleges that all such policies, procedures and practices complied with the requirements of the FLSA and Plaintiff and other non-exempt employees

6

1   were not required to perform any job tasks or other work without compensation.

2   Defendant denies each and every other allegation contained in this paragraph.

3        31.    Answering Paragraph 31, Defendant admits and alleges that different

4   policies, practices and procedures applied to different employees at different call

5   centers at different times with respect to their different work activities.  Defendant

6   further admits and alleges that all such policies, procedures and practices complied

7   with the requirements of the FLSA and Plaintiff and other non-exempt employees

8   were not required to perform any job tasks or other work without compensation.

9   Defendant denies each and every other allegation contained in this paragraph.

10       32.    Answering Paragraph 32, Defendant admits and alleges that it had the

11  ability to accurately record the time spent working by non-exempt employees,

12  provided that such non-exempt employees accurately recorded all of their time

13  worked pursuant to applicable company policies.  Defendant further admits and

14  alleges that non-exempt employees at the Agoura Hills facility were assigned to

15  specific shift starting and stopping times, although non-exempt employees were

16  compensated for work performed beyond their scheduled shift times, pursuant to

17  applicable company policy and applicable law.

18       33.    Answering Paragraph 33, Defendant admits and alleges that various

19  forms of incentive payments or bonuses may have been available for non-exempt

20  employees based on different policies, practices and procedures applied to different

21  employees at different call centers at different times, with respect to their different

22  work activities.  Defendant further admits and alleges that all such policies,

23  procedures and practices complied with applicable law.  Defendant denies each

24  and every other allegation contained in this paragraph.

25       34.    Answering Paragraph 34, Defendant denies each and every allegation

26  contained in this paragraph.

27

28

7

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

35.    Answering Paragraph 35, Defendant admits and alleges that Plaintiff purports to bring a collective action and/or class action pursuant to the FLSA, 29 U.S.C. § 216(b).  Defendant denies each and every other allegation contained in this paragraph.

36.    Answering Paragraph 36, Defendant denies each and every allegation contained in this paragraph.

37.    Answering Paragraph 37, admits and alleges that it keeps records of the named and addresses of employees as required by law.  Defendant denies each and every other allegation contained in this paragraph.

38.    Answering Paragraph 38, Defendant admits and alleges that Plaintiff has agreed to be a representative in a collective action in this matter as indicated in Exhibit "A" to the Complaint.  Defendant further responds that it lacks sufficient knowledge or information to admit or deny Plaintiff's other allegations and, therefore, denies each and every other allegation contained in this paragraph.

39.    Answering Paragraph 39, Defendant admits and alleges that Plaintiff purports to bring a collective action and/or class action for violations of ERISA, 29 U.S.C. § 1001 *et seq.*  Defendant denies each and every other allegation contained in this paragraph.

40.    Answering Paragraph 40, Defendant denies each and every allegation contained in this paragraph.

41.    Answering Paragraph 41, Defendant admits and alleges that there are less than 2,000 non-exempt employees or former employees in the potential class identified in Plaintiff's Complaint.  Defendant denies each and every other allegation contained in this paragraph.

42.    Answering Paragraph 42, Defendant denies each and every allegation contained in this paragraph.

8

43.     Answering Paragraph 43, Defendant denies each and every allegation contained in this paragraph.

44.     Answering Paragraph 44, Defendant denies each and every allegation contained in this paragraph and/or lacks sufficient information to admit or deny Plaintiff's allegations and, on these additional grounds, denies each and every allegation contained in this paragraph.

45.     Answering Paragraph 45, Defendant denies each and every allegation contained in this paragraph.

## FIRSTCAUSE OF ACTION

### (Unpaid Overtime Compensation)

46.     Answering Paragraph 46, Defendant incorporates by reference its answers to Paragraphs 1 through 45 as though fully stated herein.

47.     Answering Paragraph 47, Defendant admits and alleges that Plaintiff and the other current or former non-exempt employees identified as the potential class in Plaintiff's Complaint are or were engaged in commerce and are or were employed by Defendant within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Defendant denies each and every other allegation contained in this paragraph.

48.     Answering Paragraph 48, Defendant admits and alleges that Plaintiff and the other current or former non-exempt employees identified as the potential class in Plaintiff's Complaint are or were engaged in commerce and are or were employed by Defendant within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Defendant denies each and every other allegation contained in this paragraph.

49.     Answering Paragraph 49, Defendant admits the allegations in this paragraph.

50.     Answering Paragraph 50, Defendant denies each and every allegation contained in this paragraph.

51.     Answering Paragraph 51, Defendant denies each and every allegation contained in this paragraph.

12269141v.4 / 33250-270008

52.     Answering Paragraph 52, Defendant admits and alleges that Plaintiff purports to bring a collective action and/or class action pursuant to the FLSA, 29 U.S.C. § 216(b).  Defendant denies each and every other allegation contained in this paragraph.

## SECONDCAUSE OF ACTION

### (Violations Of The Employee Retirement

### And Income Security Act)

53.     Answering Paragraph 53, Defendant incorporates by reference its answers to Paragraphs 1 through 52 as though fully stated herein.

54.     Answering Paragraph 54, Defendant admits and alleges that ERISA contains certain reporting requirements that apply to a plan sponsor, plan administrator or plan fiduciary, as set forth in the specific terms of the statute. Defendant denies each and every other allegation contained in this paragraph.

55.     Answering Paragraph 55, Defendant admits and alleges that it offers and has offered various employee benefit plans, including a 401(k) plan to eligible employees, based on the specific written terms and conditions of the benefit plans. Defendant further admits and alleges that the 401(k) benefit plan in which Plaintiff was eligible to participate is and was subject to various statutory requirements under ERISA.  Defendant denies each and every other allegation contained in this paragraph.

56.     Answering Paragraph 56,  Defendant admits and alleges that the terms of the 401(k) plan in which Plaintiff was eligible to participate are and were contained in a written summary plan description and written plan document, which provide the specific terms and conditions for providing benefits.  Defendant further admits and alleges that such specific written terms and conditions speak for themselves as to the operation of the applicable benefit plan.  Defendant denies each and every other allegation contained in this paragraph.

10

57.     Answering Paragraph 57, Defendant denies each and every allegation contained in this paragraph.

58.     Answering Paragraph 58, Defendant admits and alleges that Plaintiff purports to pursue a collective action and/or class action pursuant to ERISA seeking injunctive and other equitable relief under 29 U.S.C. § 1132(a)(3). Defendant denies each and every other allegation contained in this paragraph.

59.     Answering Paragraph 59, Defendant admits and alleges that Plaintiff purports to pursue a collective action and/or class action pursuant to ERISA, seeking attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).  Defendant denies each and every other allegation contained in this paragraph.

## THIRD CAUSE OF ACTION

### (Violations Of The Employee Retirement And
### Income Security Act - Breach of Fiduciary Duty)

60.     Answering Paragraph 60, Defendant incorporates by reference its answers to Paragraphs 1 through 59 as though fully stated herein.

61.     Answering Paragraph 61, Defendant admits and alleges ERISA § 404(a)(1) sets forth specific terms and conditions which speak for themselves as defined by the statute.  Defendant denies each and every other allegation contained in this paragraph.

62.     Answering Paragraph 62, Defendant admits and alleges that the 401(k) plan in which Plaintiff was eligible to participate contains a written plan document which sets forth the specific terms for the operation and administration of the plan.  These specific terms speak for themselves as defined in the summary plan description and written plan document.  Defendant denies each and every other allegation contained in this paragraph.

63.     Answering Paragraph 63, Defendant admits and alleges that the 401(k) plan in which Plaintiff was eligible to participate contains a written plan document which sets forth the specific terms for the operation and administration

11

of the plan.  These specific terms speak for themselves as defined in the summary plan description and written plan document.  Defendant denies each and every other allegation contained in this paragraph.

64.     Answering Paragraph 64, Defendant admits and alleges that Plaintiff purports to pursue a collective action and/or class action pursuant to ERISA, 29 U.S.C. § 1132(a)(3).  Defendant denies each and every other allegation contained in this paragraph.

65.     Answering Paragraph 65, Defendant admits and alleges that Plaintiff purports to pursue a collective action and/or class action pursuant to ERISA, seeking attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).  Defendant denies each and every other allegation contained in this paragraph.

## PRAYER FOR RELIEF

66.     Answering the Prayer for Relief in the Complaint, Defendant admits and alleges that Plaintiff cannot establish her burden to show that this lawsuit should proceed as a collective action under 29 U.S.C. Section 216(b) or as a class action under Rule 23 of the Federal Rules of Civil Procedure.  As such, Defendant alleges that collective action notice should not be given in this case.  Defendant further alleges that this lawsuit should neither proceed as a collective action nor be certified as a class action.

67.     Defendant denies that there has been any injury or damage to Plaintiff or the purported class that she claims to represent as a result of any of the allegations in the Complaint, including without limitation, any violation of the FLSA, codified at 29 U.S.C. § 201 *et seq.* or ERISA codified at 29 U.S.C. § 1001 *et seq.*  Defendant further denies that Plaintiff and the purported class that she claims to represent are entitled to any damages, liquidated damages, exemplary or punitive damages, interest, injunctive or equitable relief, declaratory relief, attorneys' fees or costs, as a matter of law.

12

12269141v.4 / 33250-270008

68.   Defendant further denies that Plaintiff and the purported class that she claims to represent have been harmed in any way by any act or omission by Defendant at any time.

69.   Defendant denies, generally and specifically, any allegations in Plaintiff's Complaint to which Defendant has not yet responded.  Defendant further reserves the right to amend or modify any of its responses to the allegations contained in Plaintiff's Complaint.  Defendant further alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim Upon Which Relief Can Be Granted)

70.   Plaintiff is barred from maintaining her Complaint, and each purported cause of action contained therein, because Plaintiff fails to state facts sufficient to state any claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes Of Limitations)

71.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations for each alleged cause of action, including without limitation, 29 U.S.C. Section 216(b), 255, 256, 1113 and 1303, Cal. Code of Civ. Pro. Section 337, Ariz. Rev. Stat. Section 12-548, Conn. Gen. Stat. Section 52-576, Fla. Stat. Ann. Section 95.11(2)(b), 735 Ill. Comp. Stat. Section 5/13-206, Iowa Code Section 614.1(5), Minn. Stat. Section 541.07(5), 14 Me. Rev. Stat. Ann. tit. 14, Section 752, Fla. Stat. Ann. Section 95.11(2)(b), N.J. Stat. Ann. Section 2A:14-1, 42 Penn. Stat. Ann. Sections 5225(8) and 5527, and 43 Penn. Stat. Ann. Sections 260.3, 260.5.  *See, e.g., Pierce County Hotel Employees & Rest. Employees Health Trust v. Elks Lodge B.P.O.E. No. 1450*, 827 F.2d 1324, 1328 (9th Cir. 1987) (statute of limitations for claim under ERISA is governed by state's most analogous statute of limitations for a breach of written contract).

13

**THIRD AFFIRMATIVE DEFENSE**

**(No Collective Action)**

72.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff cannot maintain this lawsuit as a collective action under the FLSA, given that Plaintiff cannot establish the requisite elements for collective action treatment and/or notice under 29 U.S.C. Section 216(b).

**FOURTH AFFIRMATIVE DEFENSE**

**(No Class Action)**

73.     Plaintiff's allegations that this action should be certified as a class action, or a representative action, fail as a matter of law because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law)**

74.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Plaintiff cannot allege predominant questions of fact and law, as required under Rule 23 of the Federal Rules of Civil Procedure.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith Reliance)**

75.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Defendant acted in good faith and in conformity with and in reliance on written regulations, orders, rulings, approvals, interpretations, and/or administrative policies or practices with respect to Plaintiff and any other current or former employees purportedly similarly situated, pursuant to 29 U.S.C. Section 259.

14

## SEVENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

76.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Defendant acted in good faith and with reasonable grounds to believe that such conduct complied with permissible interpretations of the FLSA with respect to Plaintiff and any other current or former employees purportedly similarly situated.  *See* 29 U.S.C. § 260.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Compensable Work Performed)

77.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff or any purportedly similarly situated current or former employee was not paid for all work performed while employed by Defendant, such activities do not constitute compensable work under the FLSA. Further, such activities were not an integral and indispensable part of Plaintiff's or any other purportedly similarly situated current or former employee's principal activities of employment and, are thus, not compensable pursuant to 29 U.S.C. Section 254.

## NINTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

78.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff or any purportedly similarly situated current or former employee was not paid for all work performed while employed by Defendant, such work is not compensable pursuant to the *de minimis* doctrine. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.  *See*, *e.g.*, *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-1058 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable; "most courts 'have found daily periods of approximately ten minutes

15

*de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable.").

## TENTH AFFIRMATIVE DEFENSE
### (Failure To Show Unpaid Overtime)

79.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that, assuming *arguendo* that Plaintiff or any other purportedly similarly situated current or former employee was entitled to be paid overtime, Plaintiff cannot allege any facts showing that Defendant failed to pay the appropriate amount of overtime wages, if any, due to Plaintiff and/or any other purportedly similarly situated current or former employee.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Overtime Or Off-The-Clock Work Performed)

80.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff or any other purportedly similarly situated current or former employee did not work over 40 hours in a week, or any other work that required overtime pay, or any off-the-clock work.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Knowledge Of Overtime)

81.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly situated current or former employee.  *See*, *e.g.*, *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or

16

1  deliberately prevents the employer from acquiring knowledge of the overtime

2  work, the employer's failure to pay for the overtime hours is not a violation.**");

3  *Davis v. Food Lion*, 792 F.2d 1274, 1276-1277 (4th Cir. 1986) ("it is necessary for

4  a plaintiff to show that his employer had knowledge, either actual or constructive,

5  of his overtime work").

6  ### THIRTEENTH AFFIRMATIVE DEFENSE

7  ### (Inadequate Class Representative)

8         82.    Plaintiff's Complaint, and each purported cause of action alleged

9  therein, fails to the extent that Plaintiff is not an adequate representative of the

10  alleged class that she purports to represent.  Defendant alleges that Plaintiff does

11  not have claims typical of the alleged class, if any, and that Plaintiff's interests are

12  antagonistic to the alleged class she purports to represent.  Defendant further

13  alleges that Plaintiff is not "similarly situated" to any other employees that she

14  claims to purportedly represent.  As such, the class action and collective action

15  claims and allegations fail, as a matter of law.

16  ### FOURTEENTH AFFIRMATIVE DEFENSE

17  ### (Contribution By Plaintiff's Own Acts)

18         83.    If the injuries and/or alleged damages in the Complaint occurred at all

19  (which Defendant denies), such injuries and/or alleged damages were proximately

20  caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures

21  to act.  To the extent that Plaintiff purports to pursue a collective action and/or

22  class action, individual issues predominate as to each potential class members'

23  own acts, omissions and/or failures to act.

24  ### FIFTEENTH AFFIRMATIVE DEFENSE

25  ### (Avoidable Consequences Doctrine)

26         84.    Plaintiff's Complaint, and each purported cause of action alleged

27  therein, is barred by the avoidable consequences doctrine.

28

17

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

85.     Plaintiff has waived her right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendant. Plaintiff, by her own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.  To the extent Plaintiff purports to pursue a collective action and/or class action, individual issues predominate as to whether each potential class member has waived the right, if any, to assert the claims alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

86.     Plaintiff is barred by the doctrine of estoppel from pursuing her Complaint, and each purported cause of action alleged therein.  Plaintiff, by her own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.  To the extent that Plaintiff purports to pursue a collective action and/or class action, individual issues predominate as to whether each potential class member is estopped, by his or her own conduct and actions, from pursuing the claims alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

87.     Plaintiff is barred by the doctrine of laches from pursuing her Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.  To the extent that Plaintiff purports to pursue a collective action and/or class action, individualized issues predominate as to whether each potential class member also is barred by the doctrine of laches.

18

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

88.     Plaintiff is not entitled to recover the amount of damages from Defendant as alleged in the Complaint, or any damages, due to Plaintiff's continuous failure to take reasonable efforts to mitigate or minimize the damages that she has allegedly incurred.  To the extent that Plaintiff purports to pursue a collective action and/or class action, individualized issues predominate as to each potential class members' failure to take reasonable efforts to mitigate or minimize damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

89.     Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.  To the extent that Plaintiff purports to pursue a collective action and/or class action, individual issues predominate as to each potential class members' conduct showing unclean hands or right to equitable relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies Under ERISA)

90.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by Plaintiff's failure to exhaust her administrative remedies as required by ERISA.  *See Amato v. Bernard*, 618 F.2d 559, 566-568 (9th Cir. 1980) (holding that a plaintiff did not properly exhaust his administrative remedies by merely sending an application for benefits because the plaintiff "did not pursue his further administrative remedies as he was required to do by the terms of the Pension Plan;" the Court stressed that "a primary reason for the exhaustion requirement ... is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem

in given cases may well assist the courts when they are called upon to resolve the controversies.").

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Fiduciary Duty)

91.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant, as an employer, does not owe any fiduciary duty to Plaintiff or any other purportedly similarly situated current or former employee.  *See*, *e.g.*, *O'Byrne v. Santa Monica-UCLA Med. Ctr.*, 94 Cal. App. 4th 797, 811 (2001) ("**employment-type relationships are not fiduciary relationships**.") (emphasis added); *Amid v. Hawthorne Community Med. Group, Inc.*, 212 Cal. App. 3d 1383, 1391 (1989) ("A bare employee-employer relationship does not create a confidential relationship").  Further, to the extent that Plaintiff bases her claim for alleged breach of fiduciary duty related to the 401(k) plan operation, Defendant owed no duty to Plaintiff with respect to the actions and decisions of the plan.  *See*, *e.g.*, *Independent Ass'n of Publishers' Employees, Inc. v. Dow Jones & Co.*, 671 F. Supp. 1365, 1367 (S.D.N.Y. 1987) (reiterating that an employer does not become a fiduciary under ERISA "by merely creating and financing a plan, i.e., by being the 'plan sponsor'").

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inability To Pursue Legal And Equitable Claims
### Involving Same Alleged Facts)

92.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for her legal claims based on the FLSA while simultaneously seeking a non-jury trial on equitable relief for her claims under ERISA.  Given that these claims require different triers of fact to address the same facts and legal theories, Plaintiff's request for both legal and equitable relief may lead to inconsistent results.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Right To Assert Duplicative Claim
### For Equitable Relief Under ERISA)

93.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff seeks benefits, while also seeking equitable and declaratory relief under ERISA.  It is well-settled that where a plaintiff is already asserting a claim for benefits under ERISA Section 502(a)(1)(B), claims for additional equitable relief under ERISA Section 502(a)(3) are unnecessary surplusage, and thus, are subject to dismissal.  *See*, *e.g.*,  *Varity Corp. v. Howe*, 516 U.S. 489, 513-515 (1996) (warning that equitable relief under ERISA Section 502(a)(3) would not be "appropriate" where a plan participant or beneficiary has a claim for benefits under ERISA Section 502(a)(1)(B)); *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1082-1083 (9th Cir. 2005) (holding that no § 502(a)(3) remedy is available where claims were asserted under other ERISA remedial provisions); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1473 (9th Cir. 1997) (rejecting § 502(a)(3) claims where plaintiffs were also able to seek relief under § 502(a)(1)(B)).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Injury In Fact/Standing)

94.     Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff and any other purportedly similarly situated current or former employee that Plaintiff claims to represent lacks standing to sue for any purported violation of ERISA.  There is no standing in this case unless and until Plaintiff and any other purportedly similarly situated employee that Plaintiff claims to represent can show that: (a) they actually were enrolled in the 401(k) plan; (b) they actually made contributions to the 401(k) plan; (c) they actually performed work for which they were not compensated; (d) they actually would have contributed the amount for uncompensated work to the 401(k) plan; and (e)

21

1   Defendant did not make those matching contributions.  Defendant further alleges

2   that Plaintiff and any other purportedly similarly situated current or former

3   employees that Plaintiff claims to represent lack standing to the extent that they are

4   not "participants" in and/or "beneficiaries" of the 401(k) plan, as required by

5   ERISA.

6   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

7   ### (No Standing For Breach Of Fiduciary Duty)

8          95.    Plaintiff's Complaint, and each purported cause of action alleged

9   therein, is barred to the extent that Plaintiff or any other purportedly similarly

10  situated current or former employee lacks standing to sue for a purported breach of

11  fiduciary duty.  Recovery for an alleged breach of fiduciary duty under ERISA

12  only provides for recovery to the plan involved, not to individual participants.

13  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14  ### (Changed Circumstances Doctrine)

15         96.    Plaintiff's Complaint, and each purported cause of action alleged

16  therein, is barred pursuant to the changed circumstances doctrine, which allows for

17  reasonable modification of a benefit plan absent explicit language waiving or

18  prohibiting such reasonable modification.

19  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20  ### (No Breach Of Fiduciary Duty For Alleged Mishandling)

21         97.    Plaintiff's Complaint, and each purported cause of action alleged

22  therein, is barred to the extent that Plaintiff attempts to allege a breach of fiduciary

23  duty against Defendant for alleged mishandling of individual claims for benefits.

24  Mishandling of individual claims for benefits does not amount to a breach of

25  fiduciary duty under ERISA, as a matter of law.  *See, e.g., Ford*, 399 F.3d at 1082

26  ("A fiduciary's mishandling of an individual benefit claim does not violate any of

27  the fiduciary duties defined in ERISA."); *Amalgamated Clothing & Textile*

28  *Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988)

22

(holding that there is no claim for breach of fiduciary duty based on decisions to deny individual claims for benefits "because that type of remedy [is] not consistent with ERISA's emphasis on the relationship between a fiduciary and the employee benefit plan as a whole").

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Express Provisions Of The Benefit Plan)

98.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that they conflict with the express terms of the applicable benefit plans under which benefits are sought.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Right To Jury Trial Under ERISA)

99.    Plaintiff is not entitled to a jury trial, as a matter of law, for her claims under ERISA.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure To Join Indispensable Party Under ERISA)

100.   Plaintiff's Complaint, and each purported cause of action alleged therein based on ERISA, is barred by Plaintiff's failure to join an indispensable party.  Specifically, Plaintiff has failed to name the 401(k) plan and its administrator as defendants in this action as required by ERISA.  Thus, the Court is without jurisdiction as to Plaintiff's ERISA claims.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (No Monetary Damages Under ERISA)

101.   Plaintiff's Complaint, and each purported cause of action alleged therein based on ERISA, is barred to the extent that Plaintiff seeks monetary damages.  ERISA provides only for equitable relief and does not allow recovery of monetary damages.

12269141v.4 / 33250-270008

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Punitive Damages)

102.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff is improperly attempting to seek punitive damages for alleged non-payment of wages.  Neither the FLSA nor ERISA allow recovery of punitive damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Right To Raise Other Affirmative Defenses)

103.   Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and Defendant reserves the right to amend this Answer to assert any such defenses.

### PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by way of her Complaint;

2.     That Plaintiff's request for collective action notice or class certification be denied, with prejudice;

3.     That the class and collective allegations and class allegations be dismissed, with prejudice;

4.     That the Complaint be dismissed in its entirety, with prejudice;

5.     That judgment be entered in favor of Defendant and against Plaintiff on the entire Complaint and on all causes of action alleged therein;

6.     That the Court award Defendant its attorneys' fees as prevailing parties under ERISA Section 502(g), codified at 29 U.S.C. Section 1132(g);

///

///

///

///

1    7.    That the Court award Defendant its costs of suit incurred herein as

2  provided by Rule 54 of the Federal Rules of Civil Procedure; and

3    8.    That Defendant be awarded such other and further relief as the Court

4  may deem appropriate.

5

6  DATED: May 11, 2010                         **SEYFARTH SHAW LLP**

7

8                                              By: _____/s/  Jon D. Meer_____

9                                                         JON D. MEER
                                               Attorneys for Defendant
10                                             THE PRUDENTIAL INSURANCE
                                               COMPANY OF AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28