| | |
|---|---|
| 1 | GRANT G. TEEPLE (State Bar No. 144760) |
| | grant@teeplehall.com |
| 2 | GREGORY M. GARRISON (State Bar No. 165215) |
| | greg@teeplehall.com |
| 3 | JASON N. BLACK (State Bar No. 256261) |
| | jason@teeplehall.com |
| 4 | **TEEPLE HALL, LLP** |
| | 9255 Towne Centre Drive, Suite 500 |
| 5 | San Diego, California  92121-3038 |
| | Telephone:   (858) 622-7878 |
| 6 | Facsimile:    (858) 622-0411 |
| 7 | Attorneys for Plaintiff |
| | DOMINIQUE OSBORNE |
| 8 | |
| 9 | JON D. MEER (State Bar No. 144389) |
| | jmeer@seyfarth.com |
| 10 | DENNIS S. HYUN (State Bar No. 224240) |
| | dhyun@seyfarth.com |
| 11 | SIMON L. YANG (State Bar No. 260286) |
| | syang@seyfarth.com |
| 12 | **SEYFARTH SHAW LLP** |
| | 2029 Century Park East, 35th Floor |
| 13 | Los Angeles, California  90067-3021 |
| | Telephone:   (310) 277-7200 |
| 14 | Facsimile:    (310) 201-5219 |
| 15 | (*Additional counsel information on following page*) |
| 16 | Attorneys for Defendant |
| | THE PRUDENTIAL INSURANCE |
| 17 | COMPANY OF AMERICA, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 20 | DOMINIQUE OSBORNE, on her own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 23 U.S.C. §216, and on behalf of the General Public, | Case No. CV10-2465 JFW (CWx) |
| | | *The Hon. John F. Walter* |
| | | **JOINT REPORT OF PARTIES' EARLY MEETING OF COUNSEL PURSUANT TO FED. R. CIV. PROC. 26(f)** |
| 23 | Plaintiffs, | |
| 24 | v. | Date:           June 28, 2010 |
| 25 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, | Time:           8:30 a.m. |
| | | Courtroom:  16 |
| | | Complaint Filed:  April 5, 2010 |
| 27 | Defendant. | Trial Date:          Not Set |
| | | Discovery Cutoff: Not Set |
| 28 | | Motion Cutoff:     Not Set |

12415879v.2

| | |
|---|---|
| 1 | LORIE E. ALMON (*admitted pro hac vice*) |
| | lalmon@seyfarth.com |
| 2 | **SEYFARTH SHAW LLP** |
| | 620 Eighth Avenue, 32nd Floor |
| 3 | New York, New York  10018 |
| | Telephone:  (212) 218-5500 |
| 4 | Facsimile:   (212) 218-5526 |
| 5 | |
| | Attorneys for Defendant |
| 6 | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC. |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

12415879v.2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 of the United States District Court, Central District of California, and the Order issued by the Honorable John F. Walter on May 13, 2010, Plaintiff Dominique Osborne ("Plaintiff") and Defendant The Prudential Insurance Company of America, Inc. ("Defendant") (collectively, the "Parties") hereby submit their Joint Report of Parties' Early Meeting of Counsel as follows:

## I. DATE OF THE PARTIES' MEETING

Counsel for the Parties held meet and confer discussions on May 26, June 2, and June 4, 2010. These meetings occurred more than 21 days prior to the scheduling conference set by the Court. Counsel for the Parties also arranged for the disclosures required by F.R.C.P. 26(a)(1) to be completed on or before June 11, 2010.

## II. NOT A COMPLEX CASE

The Parties agree that this action is *not* sufficiently complex for the Manual for Complex Litigation to be used.

## III. SUBJECT-MATTER JURISDICTION

Federal jurisdiction is invoked upon federal question grounds pursuant to 28 U.S.C. § 1331 and Plaintiff's Fair Labor Standards Act ("FLSA") claim, pursuant to 29 U.S.C. § 201 *et seq.* and § 216(b). Plaintiff also brought claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* After a meet and confer discussion between counsel for the Parties, Plaintiff subsequently decided to dismiss her claims under ERISA and proceed only with her claim under the FLSA.

All parties have been served and no issues regarding personal jurisdiction or venue exist.

No related cases or proceedings are pending before another judge of this or another court or administrative body.

1

12415879v.2

The Parties have either filed or at this time are concurrently filing their "Certification as to Interested Parties or Persons." Those with an interest in the outcome of the proceeding include Dominique Osborne, The Prudential Insurance Company of America, Inc., and Prudential Financial, Inc.

## IV. DISCOVERY

### A. Rule 26 Disclosures

The Parties mutually exchanged the initial disclosures required under F.R.C.P. 26(a)(1) on June 11, 2010.

Plaintiff's disclosures included Plaintiff's payroll stubs for the period of her employment with Defendant. Defendant's disclosures included policies regarding payroll practices in effect at the location where Plaintiff worked, policies regarding recording hours worked in effect at the location where Plaintiff worked, Plaintiff's human resources file, Plaintiff's payroll records, Plaintiff's building access records, Plaintiff's call center log in and out records, Plaintiff's instant messages and email messages stored electronically, Plaintiff's productivity records, and Plaintiff's performance evaluation records.

### B. Discovery Taken to Date

The Parties will exchange documents, electronically stored information and tangible things required by F.R.C.P. 26(a)(1)(a)(ii) by mutual agreement or in response to a formal discovery request. The description, category and location of the documents, electronically stored information and tangible things have been disclosed in the Parties' initial disclosures.

### C. Scope of Anticipated Discovery

<u>Plaintiff's Response</u>: Plaintiff's discovery will initially include the F.R.C.P. 30(b)(6) depositions of Defendant's persons most knowledgeable regarding the operation of the call center where Plaintiff worked and the payroll and time recording practices of the call center where Plaintiff worked. Plaintiff also intends to depose persons most knowledgeable for Defendant's nationwide call center

operations. Plaintiff may also serve requests for production of documents regarding Defendant's policies, procedures and payroll practices applicable to Defendant's call center operations. Plaintiff agrees that Defendant may seek a reasonable protective order regarding its confidential proprietary information regarding its business operations.

<u>Defendant's Response</u>: Defendant's initial discovery will include the deposition of Plaintiff and a request for production of documents from Plaintiff. Defendant may also seek to take the depositions of current or former employees who worked with Plaintiff. Defendant contends that it is inappropriate to extend discovery beyond the location where Plaintiff worked prior to an adequate showing of potential class-wide conduct and class-wide damages.

### D. Discovery Plan

<u>Plaintiff's Response</u>: Plaintiff proposes that Plaintiff's deposition be taken in July 2010 on a mutually agreeable date. After Plaintiff's deposition is completed, Plaintiff will take the F.R.C.P. 30(b)(6) depositions of Defendant's persons most knowledgeable regarding the operation of the call center where Plaintiff worked and the payroll and time recording practices of the call center where Plaintiff worked. Plaintiff also intends to depose persons most knowledgeable for Defendant's nationwide call center operations. Plaintiff also plans to serve a request for production of documents concerning the policies, procedures, and payroll practices of the Defendant's call centers.

<u>Defendant's Response</u>: Defendant agrees to take Plaintiff's deposition in July 2010 on a mutually agreeable date. Defendant also plans to serve a request for production of documents from Plaintiff. Defendant may also seek to take the depositions of current or former employees who worked with Plaintiff. Defendant contends that it is inappropriate to extend discovery beyond the location where Plaintiff worked prior to an adequate showing of potential class-wide conduct and class-wide damages.

3

### E. Fact and Expert Discovery Cutoff Dates

The Parties have agreed to a fact discovery cutoff date of June 1, 2011. The Parties have agreed to mutually exchange their expert disclosures in accordance with F.R.C.P. 26(a)(2). The Parties propose an expert discovery cutoff date of 30 days before trial, which includes requiring all expert depositions to be taken by this date as well. The Parties agree to a fact discovery motion cutoff date for hearing fact discovery motions no later than July 1, 2011.

### F. Electronic Discovery

<u>Plaintiff's Response</u>: Plaintiff contends that the Parties should comply with F.R.C.P. 34 with respect to electronic discovery and other electronic communications, with the exception that non-payroll and non-timekeeping electronic documents do not need to be produced in native format. The Parties are preserving documents that they deem relevant to the claims and defenses in this case.

<u>Defendant's Response</u>: Defendant contends that the Parties should comply with F.R.C.P. 34 with respect to electronic discovery and other electronic communications, with the exception that electronic documents do not need to be produced in native format. Defendant objects to production of electronic documents in native format because payroll data includes multiple elements of private data, including third-party names, social security numbers, pay rates, state and federal withholdings deductions and benefit information, and because timekeeping data includes confidential and proprietary information regarding software, passwords, codes, and programs. The Parties are preserving documents that they deem relevant to the claims and defenses in this case.

### G. Issues of Privilege and/or Privacy Rights

Given that Plaintiff seeks to pursue a collective action involving third parties, the confidentiality of third-party information must be maintained. To the extent Plaintiff seeks information subject to rights of privacy under federal or state

4

12415879v.2

law, the Parties will meet and confer to determine whether adequate safeguards may be imposed to protect such privacy rights. If the Parties cannot agree, either party may file a discovery motion with the Court. The Parties agree that a stipulated protective order will be entered to protect confidential, proprietary information regarding Defendant's business operations.

## V. STATEMENT OF CLAIMS AND DEFENSES

### A. Plaintiff's Statement of Claims

Plaintiff claims a violation of the FLSA on the grounds that Defendant had uniform policies at all of its nationwide call centers which required her and other similarly situated call center employees to perform unrecorded pre-shift and post-shift work without pay in an amount of up to approximately 15 minutes per day. Plaintiff claims that this case is appropriate for certification as a collective action under 29 U.S.C. §216.

### B. Defendant's Statement of Defenses

Defendant contends that there has been no violation of the FLSA because Plaintiff and other similarly situated employees were not required to perform pre-shift or post-shift work without pay and because there was no policy requiring any work without pay during the applicable period of this lawsuit. To the contrary, Defendant's policies required employees to record all time worked so that all time worked would be paid. Indeed, Defendant paid Plaintiff and other similarly situated employees for 7.5 hours each day, while requiring only 7.0 hours of work. Defendant was only required to provide two 10 minute breaks under California law, but also provided a third 10 minute break, for a total of 30 minutes of paid break time each day. Defendant also provided a daily unpaid 30 minute lunch break. Defendant contends that various electronic records show that Plaintiff typically arrived at the office building where she worked approximately five minutes before her scheduled shift and stopped working at the end of her shift. Defendant also contends that its policies required Plaintiff to record all time

worked, including time before or after her scheduled shift. Thus, any time allegedly worked before or after Plaintiff's shift was either already compensated or de minimis.

Defendant finally contends that this case is not appropriate for certification as a collective action under 29 U.S.C. § 216 because Plaintiff cannot offer any evidence that Defendant engaged in any class-wide or pattern of unlawful conduct and Plaintiff also cannot establish class-wide damages.

### C. Calculation of Damages

<u>Plaintiff's Response</u>: Plaintiff contends that individual or class-wide damages should be calculated based on the amount of uncompensated time Plaintiff and any opt-in plaintiffs worked and the individual's applicable hourly rate. Based on an estimate of 15 minutes of uncompensated time daily for a class of approximately 1,000 individuals employed at an hourly rate of $20 per hour for three years, class-wide damages are estimated to be $3.9 million. Plaintiff also seeks liquidated damages, statutory interest, costs and attorneys' fees.

<u>Defendant's Response</u>: Defendant contends that Plaintiff cannot meet her burden to show individual or class-wide damages because Plaintiff cannot show she worked without pay before or after her scheduled shift and Plaintiff also cannot show any evidence of any class-wide or pattern of unlawful conduct. Defendant further contends that if there are isolated instances of uncompensated time, each instance will require individualized proof, including the determination of individualized issues of credibility.

### D. Principal Factual Issues in Dispute

<u>Plaintiff's Response</u>: Plaintiff contends that she worked up to 15 minutes of uncompensated pre-shift and post-shift time daily. Plaintiff contends that Defendant had two (2) policies requiring all call center employees to arrive early and stay late as part of their continuous workday duties. Furthermore, Plaintiff contends that Defendant's timekeeping policy was such that accurate records were

6

12415879v.2

not kept as required by federal law. As a result, Plaintiff also contends that all such pre-shift and post-shift work time was both unrecorded and uncompensated.

<u>Defendant's Response</u>: Defendant contends that the principal factual issues in dispute are (1) whether Plaintiff worked any uncompensated pre-shift or post-shift time and (2) whether Plaintiff prevented Defendant from being aware of any uncompensated pre-shift or post-shift time by her failure to adhere to Defendant's time recording procedures.

Defendant contends that Plaintiff worked for Defendant on a regularly scheduled eight hour shift from 8:00 a.m. to 4:00 p.m. Defendant contends that Plaintiff's eight hour shift included pay for 7.5 hours per day while requiring only 7.0 hours of work. Defendant contends that Plaintiff did not work uncompensated pre-shift and post-shift time daily and was paid for all time worked. Defendant further contends that its policies required Plaintiff to record all time worked and Defendant's timekeeping system allowed Plaintiff to record increments of even one minute of additional work beyond her scheduled shift time. Defendant finally contends that there was no policy requiring any work without pay during the applicable period of this lawsuit. To the contrary, Defendant's policies required employees to record all time worked so that all time worked would be paid.

### E.   **Principal Legal Issues in Dispute**

The Parties agree that the legal issues are not in dispute. The requirements for paid work time are set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, the Code of Federal Regulations applicable to the FLSA and the case law interpreting the FLSA.

The Parties also agree that the standard of certification as a collective action is set forth in the FLSA, 29 U.S.C. § 216(b) and the case law relating to FLSA collective actions.

The Parties agree that the legal authorities referenced above will determine (1) whether Defendant violated the FLSA by allegedly failing to pay Plaintiff for

7

12415879v.2

all time worked; (2) whether Plaintiff has suffered any monetary damages as a result of Defendant's alleged conduct; (3) whether Plaintiff is similarly situated to potential opt-in plaintiffs; (4) whether Plaintiff can prove individual or class-wide damages; and (5) whether Plaintiff's claims are amenable to a collective action under 29 U.S.C. § 216(b).

### F. Unusual Legal Issues Presented by the Case

The Parties do not anticipate that any unusual legal issues will be presented.

## VI. MOTION PRACTICE

Plaintiff will file a motion for collective-action certification within the time limits proscribed by Local Rule 23-3. Plaintiff will also file a motion to equitably toll applicable statute of limitations for the opt-in class and issue class-wide notice.

Defendant will file a motion for summary judgment as to Plaintiff's individual claims. Defendant will also file a motion to preclude collective-action certification.

The Parties propose a motion cutoff date of July 1, 2011, meaning that all non-discovery motions shall be filed and served by July 1, 2011, to be heard pursuant to the notice requirements imposed by Local Rule 6-1.

## VII. ADDITIONAL PARTIES, CLAIMS, OR DEFENSES

The Parties do not anticipate naming any additional parties, claims, or defenses, other than defenses listed here and affirmative defenses listed in Defendant's Answer. The Parties agree that Plaintiff will dismiss her second and third causes of action under ERISA on or before June 21, 2010. Defendant proposes a deadline to amend pleadings of June 21, 2010. Plaintiff contends that the deadline for amending pleadings should not occur until the close of discovery.

## VIII. TRIAL

The Parties propose a trial date of early-September 2011 with a final pretrial conference to be held in mid-August 2011. The Parties estimate that the trial will take about ten (10) full court days.

Plaintiff's FLSA claim may be tried by a jury.  If a collective action is certified, Plaintiff will have the burden of proving class-wide evidence of a violation of the FLSA for failure to pay wages for all time worked and proving that the damages can be ascertained by class-wide evidence to be presented during trial.

**IX.   SETTLEMENT**

The Parties have not been able to reach any potential resolution of this matter at this time.  Plaintiff believes that settlement prospects are likely to increase after the exchange of initial discovery.  The Parties are amenable to a settlement conference before a magistrate judge after the issue of collective action certification is decided.

**X.   INSURANCE COVERAGE**

Defendant is unaware of any policy of insurance applicable to this litigation.

DATED: June 14, 2010                **TEEPLE HALL, LLP**

By:       /s/  Jason N. Black
              JASON N. BLACK
Attorneys for Plaintiff
DOMINIQUE OSBORNE

DATED: June 14, 2010                **SEYFARTH SHAW LLP**

By:         /s/  Jon D. Meer
                JON D. MEER
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.