JON D. MEER (State Bar No. 144389)
jmeer@seyfarth.com
DENNIS S. HYUN (State Bar No. 224240)
dhyun@seyfarth.com
SIMON L. YANG (State Bar No. 260286)
syang@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, 35th Floor
Los Angeles, California  90067-3021
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

LORIE E. ALMON (admitted pro hac vice)
lalmon@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10018
Telephone:     (212) 218-5500
Facsimile:      (212) 218-5526

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 23 U.S.C. §216, and on behalf of the General Public,<br><br>PLAINTIFF(S)<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br>CV10-2465 JFW (CWx)<br><br>**ADR PROGRAM QUESTIONNAIRE** |

   (1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation? Please outline with specificity the type(s) of discovery and proposed completion date(s). Please outline any areas of disagreement in this regard. Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

The Parties believe that Plaintiff's deposition must be completed before any settlement conference can be contemplated.  The Parties agree that Plaintiff's deposition should be scheduled for July 2010 on a mutually agreeable date.  After Plaintiff's deposition, Plaintiff believes that F.R.C.P. 30(b)(6) depositions of Defendant's persons most knowledgeable regarding the operation of the call center where Plaintiff worked and the payroll and time recording practices of the call center where Plaintiff worked must also be completed.



(2) What are the damage amounts being claimed by each plaintiff? Identify the categories of damage claimed [e.g., lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category.

Plaintiff seeks damages for unpaid wages.  Plaintiff contends that, based on an estimate of 15 minutes of uncompensated time daily for a class of approximately 1,000 individuals employed at an hourly rate of $20 per hour for three years, class-wide damages are estimated to be $3.9 million.  Plaintiff also seeks statutory interest, costs and attorneys' fees.

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Program?

Yes ☐         No ☒

(4) If this case is in category civil rights - employment (442), check all boxes that describe the legal bases of plaintiff claim(s).

☐ Title VII                                              ☐ Age Discrimination
☐ 42 U.S.C. §1983                                        ☐ California Fair Employment and Housing Act
☐ Americans with Disabilities Act of 1990                ☐ Rehabilitation Act
☐ Other

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and correct.

June 14, 2010                           /s/  Jason N. Black
*Date*                                  *Attorney for Plaintiff (Signature)*

                                        Jason N. Black
                                        *Attorney for Plaintiff (Please print full name)*

June 14, 2010                           /s/  Jon D. Meer
*Date*                                  *Attorney for Defendant (Signature)*

                                        Jon D. Meer
                                        *Attorney for Defendant (Please print full name)*

