1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  Dominique Osborne, et al.,  )  Case No. **CV 10-2465-JFW (CWx)**
                                )
12              Plaintiff,       )  **SCHEDULING AND CASE MANAGEMENT**
         v.                     )  **ORDER**
13                              )
    The Prudential Insurance    )  **SEE LAST PAGE FOR TRIAL AND**
14  Company of America,         )  **PRE-TRIAL DATES**
                                )
15              Defendants.      )
    _____ )
16

17       The purpose of this Order is to enable the parties and

18  their counsel to know well in advance the schedule that will

19  govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE

20  SPECIFIED DATES.  Ordinarily, the dates set forth on the last

21  page are determined after consultation with the parties at

22  the Fed.R.Civ.P. 16(b) Scheduling Conference and this Order

23  is distributed to them at that time.  Accordingly, the dates

24  and requirements are firm.  The Court is very unlikely to

25  grant continuances, even if stipulated by the parties, unless

26  the parties establish good cause through a concrete showing.

27  **Because this Order in some respects modifies the applicable**

28  **Local Rules, counsel are advised to read it carefully to**

1    **avoid default on the obligations established herein.  Counsel**
2    **are advised to pay particular attention to the requirements**
3    **of the Court with respect to electronic filing, the filing of**
4    **motions for summary judgment, and the documents to be**
5    **submitted at the Pre-Trial Conference and Trial.**
6        IT IS HEREBY ORDERED:
7    **1.   ELECTRONIC FILING AND COURTESY COPIES**
8        All documents that are required to be filed in an
9    electronic format pursuant to General Order No. 08-02 shall
10   be filed electronically no later than 4:00 p.m. on the date
11   due unless otherwise ordered by the Court.  Any documents
12   filed electronically after 4:00 p.m. on the date due will be
13   considered late and may be stricken by the Court.  Any
14   documents that counsel attempt to file electronically which
15   are improperly filed <u>will not</u> be accepted by the Court.
16       Counsel are ORDERED to deliver **2 courtesy copies** of all
17   documents filed electronically to Chambers.  For each
18   document filed electronically, one courtesy copy shall be
19   marked "CHAMBERS COPY" and the other shall be marked
20   "COURTESY COPY."  On the first page of each courtesy copy, in
21   the space between lines 1 - 7 to the right of the center,
22   counsel shall include the date the document was e-filed and
23   the document number.  The courtesy copies shall be delivered
24   to Chambers no later than 10:00 a.m. on the next business day
25   after the document was electronically filed.  All documents
26   must be stapled or bound by a two prong fastener, and all
27   Exhibits to Declarations or Request for Judicial Notice must
28   be tabbed.  The "COURTESY COPY" of all Motions must be three-

hole punched at the left margin with oversized 13/22" hole size, not the standard 9/32" hole size.

For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed courtesy copy of the document to Chambers **at the time of filing**.

When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order, along with a copy of the PDF electronically filed main document, shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials and filer (party) name.  Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**2.   DISCOVERY**

All discovery shall be completed by the discovery cut-off date specified on the last page of this Order.  **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY, IS TO BE COMPLETED.**  The Court does not enforce side deals to conduct discovery beyond the discovery cut-off date.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

**(a)  Depositions**

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

**(b)  Written Discovery**

All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

**(c)  Discovery Motions**

Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.  If they do so, resort to the Court for guidance in discovery is seldom necessary. The Magistrate Judge assigned to this case will rule on discovery motions.

**(d)  Expert Discovery**

If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and shall provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date.  Rebuttal expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)

not later than five weeks prior to the discovery cut-off
date.  Any non-retained expert designated by a party as an
affirmative or rebuttal expert shall also prepare and provide
an expert report in the form described by Fed.R.Civ.P.
26(a)(2)(B).  Expert witnesses will be bound by the opinions
expressed in their reports prepared in accordance with
Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer
new opinions at trial.  Failure to timely comply with this
deadline will result in the expert being excluded at trial as
a witness.

**3.   MOTIONS - GENERAL PROVISIONS**

     All law and motion matters, except for motions in limine,
must be set for <u>hearing</u> (not filing) by the motion cut-off
date specified on the last page of this Order.  The Court
will deny or strike late-filed motions.  Once a party has
noticed a motion for hearing on a particular date, the
hearing shall not be continued without leave of Court.  If
the Court concludes that a motion can be resolved without
argument, the Court will notify the parties in advance.

     The parties must adhere to the requirements of the Local
Rules.  If any party does not oppose a motion, that party
shall submit a written statement that it does not oppose the
motion in accordance with the Local Rules.  The parties
should note that failure to meet the time limits for filing
an opposition set forth in the Local Rules shall be deemed
consent to the granting of the motion.

     The title page of all motions must state the Pre-Trial
Conference date and the Trial date.  Issues left undetermined

after the passage of the motion cut-off date should be listed as issues for trial in the Pre-Trial Conference Order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard pursuant to the schedule specified on the last page of this Order; however, the Court will not hear or resolve summary judgment motions disguised as motions in limine.

Ex parte practice is strongly discouraged.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  The Court will require strict adherence to proper ex parte procedures for any ex parte application filed with the Court.  *Id.* at 492; *see also* Local Rules.

**(a)  Applications and Stipulations to Extend Time**

No applications or stipulations extending the time to file any required document or to continue any date are effective until and unless the Court approves them. Applications and/or stipulations to extend the time to file any required document or to continue any hearing, Pre-Trial date, or the Trial date must set forth the following:

(i)  the existing due date or hearing date, as well as all dates currently set by the Court in this Order, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(ii) the new dates proposed by the parties;

(iii) specific, concrete reasons supporting good cause for granting the extension; and

/ / /

/ / /

(iv) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

All applications and stipulations must be accompanied by a separate and independent proposed order which must be submitted to the Court in accordance with General Order 08-02.  Failure to submit a separate proposed order may result in the denial of the application or stipulation or the Court may withhold ruling on the application or stipulation until the Court receives a separate proposed order.

**(b)  Joinder of Parties and Amendment of Pleadings**

The deadline for joining parties and amending pleadings is sixty days from the date of this Order.  Any motions to join other parties or for leave to amend the pleadings shall be filed within twenty days of the date of this Order so that they can be heard and decided prior to the deadline.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page, line number(s), and wording of any proposed change or addition of material.  The parties shall deliver to Chambers a redlined version of the proposed amended pleading indicating all additions and/or deletions of material.

**(c)  Withdrawal or Substitution of Counsel**

The Court will not grant a request for approval of substitution of counsel after an action has been set for trial unless: (1) counsel files the request using the most

1  recent version of the appropriate forms provided on the
2  Court's website; and (2) the request is accompanied by a
3  declaration signed by a substituting attorney indicating that
4  such attorney has been advised of the trial date and will be
5  prepared to proceed with trial as scheduled.  Any request for
6  substitution of counsel which is not on the proper form or is
7  not accompanied by a declaration signed by a substituting
8  attorney as set forth above will be denied.

9       Counsel who wish to withdraw and substitute their client
10 *pro se* must file a regularly noticed motion to withdraw which
11 demonstrates good cause for the request to withdraw.  The
12 Court will not consider such a motion unless: (1) the motion
13 is accompanied by a declaration signed by the client
14 indicating that the client consents to the withdrawal, has
15 been advised of the time and date of trial, and will be
16 prepared to represent themselves *pro se* on the scheduled
17 trial date; or (2) the Court is otherwise satisfied for good
18 cause shown that the attorney should be permitted to
19 withdraw.

20 **4.   SUMMARY JUDGMENT MOTIONS**

21      The Court will only entertain ONE summary judgment motion
22 by a party.  In the event a party believes that more than one
23 summary judgment motion is necessary to expedite the
24 resolution of issues in the action, the party must obtain
25 leave of court to file more than one summary judgment motion.
26 The Court will require strict adherence to the following
27 requirements:

28

(a)   **Statement Of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact**

The Statement of Uncontroverted Facts and Conclusions of Law is to be prepared in a two column format.  The left hand column should set forth the allegedly undisputed fact or conclusion or law.  The right hand column should set forth the evidence that supports the factual statement or conclusion of law.  The factual statements and conclusions of law should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact or conclusion of law.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues of Material Fact must track the movant's Statement of Uncontroverted Facts exactly as prepared.  The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must indicate either undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact.  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of the objection and

1  nothing more.  **No argument should be set forth in this**
2  **document.**

3      The opposing party may submit additional material facts
4  that bear on or relate to the issues raised by the movant,
5  which shall follow the format described above for the moving
6  party's Separate Statement.  These additional facts shall
7  follow the movant's facts, shall continue in sequentially
8  numbered paragraphs (*i.e.*, if movant's last statement of fact
9  was set forth in paragraph 30, then the first new fact will
10  be set forth in paragraph 31), and shall set forth in the
11  right hand column the evidence that supports that statement.

12      The moving party, in its reply, shall (1) restate the
13  entirety of the opposing party's Statement of Genuine Issues
14  of Material Fact and (2) respond to the additional facts in
15  the same manner and format that the opposing party is
16  required to adhere to in responding to the Statement of
17  Uncontroverted Facts, as described above.

18      **(b)  <u>Supporting Evidence</u>**

19      No party should submit any evidence other than the
20  specific items of evidence or testimony necessary to support
21  or controvert a proposed statement of undisputed fact.  Thus,
22  for example, entire sets of interrogatory responses, or
23  documents that do not specifically support or controvert
24  material in the Statements should not be submitted in support
25  of or in opposition to a motion for summary judgment.  Any
26  such material will not be considered.

27      Evidence submitted in support of or in opposition to a
28  motion for summary judgment should be submitted either by way

of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the <u>receipt</u> of documents in discovery <u>if the fact that the document was in the opponent's possession is of independent significance</u>. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If a party wishes to offer deposition testimony in support of or in opposition to a motion for summary judgment, that party shall provide the Court with one courtesy copy of the entire transcript (single-sided mini transcript) of each deposition referenced. The party shall also prepare and file a separate document for each deponent which contains only those questions and answers, and any objections made at the time of the deposition to those questions, that a party is relying on to support their motion, with a citation to the appropriate page and line number(s) in the deposition transcript.

The Court's courtesy copies of all evidence in support of or in opposition to a motion for summary judgment shall be submitted in a separately bound volume and shall include a Table of Contents. If the supporting evidence exceeds fifty pages, each courtesy copy of the supporting evidence shall be placed in a slant D-ring binder with each item of evidence

1   separated by a tab divider on the right side.  All documents
2   contained in the binder must be three hole punched with the
3   oversized 13/32" hole size, not the standard 9/32" hole size.
4        In addition to the foregoing, the parties shall meet and
5   confer and prepare a binder containing a joint set of all
6   exhibits relied on by the parties in support of and in
7   opposition to the motion for summary judgment.  The parties
8   shall also prepare a table of contents for the exhibit binder
9   which specifically describes each exhibit (e.g. Plaintiff's
10  Exhibit 1 - Letter from John Doe to Jane Doe dated January 1,
11  2007 Re: Reasons for Jane Doe's termination).  The parties
12  shall not file but shall submit the exhibit binder as a
13  courtesy copy to the Court in conjunction with the filing of
14  the Reply.
15       **(c)  <u>Objections to Evidence</u>**
16       If a party disputes a fact based in whole or in part on
17  an evidentiary objection, the ground for the objection, as
18  indicated above, should be stated in the Separate Statement
19  but not argued in that document.  Evidentiary objections are
20  to be addressed in a separate memorandum to be filed with the
21  opposition or reply brief of the party.  This memorandum
22  should be organized **<u>to track the paragraph numbers of the</u>**
23  **<u>Separate Statement in sequence</u>**.  It should identify the
24  specific item of evidence to which objection is made, or in
25  the case of deposition testimony it should quote the relevant
26  testimony, the ground for the objection, and a very brief
27  argument with citation to authority as to why the objection
28

is well taken.  The following is an example of the format
contemplated by the Court:

> Separate Statement Paragraph 1: Objection to the
> supporting deposition testimony of Jane Smith [quote
> testimony] at 60:1-10 on the grounds that the statement
> constitutes inadmissible hearsay and no exception is
> applicable.  To the extent it is offered to prove her
> state of mind, it is irrelevant since her state of mind
> is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE
OPPONENT'S STATEMENTS OF UNDISPUTED FACT. THESE WILL BE
DISREGARDED AND OVERRULED.**

### (d)  The Memorandum of Points and Authorities

The movant's memorandum of points and authorities should
be in the usual form required under Local Rules and should
contain a narrative statement of facts as to those aspects of
the case that are before the Court.  All facts should be
supported with citations to the paragraph number in the
Separate Statement that supports the factual assertion <u>and
not to the underlying evidence</u>.

Unless the case involves some unusual twist, the motion
need only contain a brief statement of the Fed.R.Civ.P. 56
standard; the Court is familiar with the Rule and with its
interpretation under *Celotex* and its progeny.  If at all
possible, the argument should be organized to focus on the
pertinent elements of the claim(s) for relief or defense(s)
in issue, with the purpose of showing the existence or non-

existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by the Local Rules.  Where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the Separate Statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the Statement of Genuine Issues of Material Fact, the citation should be to such fact by paragraph number.

**(e)  Proposed Statement of Decision**

Each party shall prepare a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record.  The Proposed Statement of Decision shall not exceed five pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with General Order 08-02.

**(f)  Timing**

Parties need not wait until the motion cut-off date to bring motions for summary judgment or partial summary judgment.  Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions which are normally conducted in the last stages of discovery.

1        **Caveat**:  **Failure to respond to a Motion for Summary**
2   **Judgment or Partial Summary Judgment ("Motion") will be**
3   **deemed by the Court as consent to the granting of the Motion.**
4   **5.    MOTIONS IN LIMINE**
5        The Court will only entertain a maximum of five motions
6   in limine by a party.  In the event a party believes that
7   more than five motions in limine are necessary, the party
8   must obtain leave of Court to file more than five motions in
9   limine.  No application to file under seal will be granted
10  with respect to a motion in limine or any documents submitted
11  with the motion in limine.
12       Before filing any motion in limine, counsel for the
13  parties shall confer in a good faith effort to eliminate the
14  necessity for hearing the motion in limine or to eliminate as
15  many of the disputes as possible.  It shall be the
16  responsibility of counsel for the moving party to arrange for
17  this conference.  The conference shall take place in person
18  within ten calendar days of service upon opposing counsel of
19  a letter requesting such conference, but in no event later
20  than twenty-one days before the Pre-Trial Conference.  Unless
21  counsel agree otherwise, the conference shall take place at
22  the office of the counsel for the moving party.  If both
23  counsel are not located in the same county in the Central
24  District, the conference may take place by telephone.  The
25  moving party's letter shall identify the testimony, exhibits,
26  or other specific matters alleged to be inadmissible and/or
27  prejudicial, shall state briefly with respect to each such
28  matter the moving party's position (and provide any legal

authority which the moving party believes is dispositive), and shall specify the terms of the order to be sought.

If counsel are unable to resolve their differences, they shall prepare and file a separate, sequentially numbered Joint Motion in Limine for each issue in dispute which contains a clear caption which identifies the moving party and the nature of the dispute (*e.g.*, "Plaintiff's Motion in limine #1 to exclude the testimony of Defendant's expert"). Each Joint Motion in Limine shall consist of one document signed by all counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the Pre-Trial Conference date, hearing date for the motions in limine, and Trial date.

Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or

1   displayed in the presence of the jury before it is admitted

2   in evidence or that counsel has refused to stipulate that

3   such matter will not be mentioned or displayed in the

4   presence of the jury unless and until it is admitted in

5   evidence; and (3) a statement of the specific prejudice that

6   will be suffered by the moving party if the motion in limine

7   is not granted.

8       Unless ordered by the Court, no supplemental or separate

9   memorandum of points and authorities shall be filed by either

10  party in connection with any motion in limine.

11      The Court's courtesy copies of all evidence in support of

12  or in opposition to a motion in limine, including

13  declarations and exhibits to declarations, shall be submitted

14  in a separately bound volume and shall include a Table of

15  Contents.  If the supporting evidence exceeds fifty pages,

16  each courtesy copy of the supporting evidence shall be placed

17  in a slant D-ring binder with each item of evidence separated

18  by a tab divider on the right side.  All documents contained

19  in the binder must be three hole punched with the oversized

20  13/32" hole size, not the standard 9/32" hole size.

21      The Court will not consider any motion in limine in the

22  absence of a joint motion or a declaration from counsel for

23  the moving party establishing that opposing counsel: (a)

24  failed to confer in a timely manner; (b) failed to provide

25  the opposing party's portion of the joint motion in a timely

26  manner; or (c) refused to sign and return the joint motion

27  after the opposing party's portion was added.

28

1    Unless otherwise ordered by the Court, motions in limine
2  should be filed and will be heard on the dates specified on
3  the last page of this Order.  Unless the Court in its
4  discretion otherwise allows, no motions in limine shall be
5  filed or heard on an ex parte basis, absent a showing of
6  irreparable injury or prejudice not attributable to the lack
7  of diligence of the moving party.

8    The failure of any counsel to comply with or cooperate in
9  the foregoing procedures will result in the imposition of
10 sanctions, including a resolution of the issue against the
11 party refusing to cooperate.

12 **6.   PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

13      **(a)  General Provisions**

14    The Pre-Trial Conference ("PTC") will be held on the date
15 specified on the last page of this Order, unless the Court
16 expressly waived a PTC at the Scheduling Conference.  If
17 adjustments in the Court's calendar to accommodate congestion
18 become necessary, the Court may re-schedule the PTC instead
19 of the trial date.  Therefore, the parties should assume that
20 if the PTC goes forward, the trial <u>will</u> go forward without
21 continuance, although some brief period of trailing may prove
22 necessary.

23    The lead trial attorney on behalf of each party shall
24 attend both the PTC and all meetings of the parties in
25 preparation for the PTC, unless excused for good cause shown
26 in advance of the PTC.

27    A continuance of the PTC at the parties' request or by
28 stipulation is <u>highly</u> unlikely.  **Specifically, failure to**

**complete discovery is not a ground for continuance.**   In the
unlikely event that the Court agrees to continue the PTC, the
trial date is likely to be delayed as a result.  If a change
in the trial date is necessitated or likely because of the
Court's calendar or otherwise, modifications of that date
will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss
means of streamlining the trial, including, but not limited
to:  bifurcation; presentation of foundational and non-
critical testimony and direct testimony by deposition
excerpts; narrative summaries and/or stipulations as to the
content of testimony; presentation of testimony on direct
examination by affidavit or by declaration subject to cross-
examination; and qualification of experts by admitted
resumes.  The Court will also discuss settlement.

**(b)   Form of Pre-Trial Conference Order ("PTCO")**

The proposed PTCO shall be submitted to the Court in
accordance with General Order 08-02 by the date specified on
the last page of this Order.  Adherence to this time
requirement is necessary for in-chambers preparation of the
matter.  The form of the proposed PTCO shall comply with
Appendix A to the Local Rules and the following:

(i)  Place in "ALL CAPS" and in **bold** the separately
numbered headings for each category in the PTCO (*e.g.*, "**1.
THE PARTIES**" or "**7.   CLAIMS AND DEFENSES OF THE PARTIES**").

(ii) Include a Table of Contents at the beginning.

(iii) In specifying the surviving pleadings under
Section 1, state which claims or counterclaims have been

dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, specify to which party each claim or counterclaim is directed.

(iv) In drafting the PTCO, the Court expects that the parties will attempt to agree on and set forth as many uncontested facts as possible.  A carefully drafted and comprehensively stated stipulation of facts will assist the Court in preparing for the Pre-Trial Conference.

**(v)  In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

(vi) The Court may submit fact issues to the jury in the form of findings on a special verdict.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

(vii) If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained.  Failure of a party to list and identify an expert witness in the PTCO shall preclude the party from calling that expert witness at trial.

**(c)   Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**

The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda

of Contentions of Fact and Law (which may also serve as the
trial brief), along with their respective Witness Lists and
Exhibit Lists, all in accordance with the Local Rules.  See
the last page of this Order for applicable dates.

**(d)  Summary of Witness Testimony and Time Estimates**

Counsel shall prepare a list of their witnesses,
including a brief summary (two to three paragraphs) of each
witness's expected testimony, an estimate of the length of
time needed for direct examination, and whether the witness
will testify by deposition or in person.  Counsel shall
exchange these lists with opposing counsel.  **Counsel shall
jointly file a single list of witness testimony summaries,
including estimates for direct examination of their own
witnesses and estimates for cross-examination of opposing
witnesses.**  The joint witness testimony summaries shall be
filed at the same time counsel submit the PTCO.  If a party
intends to offer deposition testimony into evidence at trial,
the party shall comply with the Local Rules.

**(e)  Pre-Trial Exhibit Stipulation**

The parties shall prepare a Pre-Trial Exhibit Stipulation
which shall contain each party's numbered list of all trial
exhibits, with objections, if any, to each exhibit including
the basis of the objection and the offering party's response.
All exhibits to which there is no objection shall be deemed
admitted.  The parties shall also identify each witness they
anticipate will testify about and/or lay the foundation for
the exhibit.  All parties shall stipulate to the authenticity

1  of exhibits whenever possible, and the Pre-Trial Exhibit

2  Stipulation shall identify any exhibits for which

3  authenticity has not been stipulated to and the specific

4  reasons for the party's failure to stipulate.

5      The Stipulation shall be substantially in the following

6  form:

7                    Pre-Trial Exhibit Stipulation

8  Plaintiff(s)' Exhibits

9  Number   Description   Witness   If Objection, State Grounds   Response to Objection

10 Defendant(s)' Exhibits

11 Number   Description   Witness   If Objection, State Grounds   Response to Objection

12     The Pre-Trial Exhibit Stipulation shall be filed at the

13 same time counsel submit the PTCO.  Failure to comply with

14 this paragraph shall constitute a waiver of all objections.

15 **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

16 **OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND**

17 **OVERRULED.**

18     **(f) Jury Instructions, Verdict Forms, Special**

19 **Interrogatories**

20          (i)  Fourteen days before the required Local Rule

21 meeting, the parties shall exchange proposed jury

22 instructions, verdict forms, and special interrogatories.

23 Seven days before the meeting, counsel shall exchange written

24 objections, if any, to proposed jury instructions, verdict

25 forms, and special interrogatories.  At the required

26 meeting, the parties shall confer with the objective of

27 submitting one set of agreed upon substantive instructions, a

28 verdict form, and, if necessary, special interrogatories.

"Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case.  Courtesy copies shall be provided to the Court in accordance with Section 1 of this Order.  **Counsel shall not submit proposed preliminary instructions to be given to the jury prior to opening statements.  The Court will use its own instructions which are patterned after the preliminary instructions set forth in the <u>Ninth Circuit Manual of Model Jury Instructions</u> (West Publishing, most recent edition).**

(ii) If the parties cannot agree upon one complete set of substantive instructions, a verdict form, and/or special interrogatories, they shall file two documents with the Court: a joint document reflecting the agreed upon instructions, verdict form, and/or special interrogatories; and a second document in the form of a joint statement regarding the disputed instructions, verdict form, and/or special interrogatories in the following format for each instruction, verdict form, and/or special interrogatories in issue:

(a) A separate page containing the text of the disputed language with an identification of the party proposing it;

(b) Following the text of the disputed language, the opposing party's statement of objections to the disputed language along with legal authority in support of the argument (not to exceed <u>one</u> page) and proposed alternative language where appropriate; and

1            (c) The proposing party's response to the objection

2            with legal authority supporting the proposed

3            language, not to exceed one page.

4     Both the agreed upon set, and the joint statement re:

5  disputed instructions, verdict form, and/or special

6  interrogatories are to be filed with the Pre-Trial Conference

7  Order and other Local Rule 16 documents.  Courtesy copies

8  shall be provided to the Court in accordance with Section 1

9  of this Order.

10       (iii) All proposed jury instructions shall be in the

11  format specified by the Local Rules.  Additionally, each

12  proposed instruction, whether agreed upon or disputed, shall

13  reference the claim for relief to which it relates and shall

14  also cite to the PTCO.  The Court will send a copy of the

15  instructions into the jury room for the jury's use during

16  deliberations.  Accordingly, at the time the documents are

17  filed, the parties should e-mail a "clean set" of Joint

18  Proposed and/or Disputed Jury Instructions, containing only

19  the text of each instruction set forth in full on each page,

20  with the caption "Court's Instruction No. ___" (eliminating

21  titles, supporting authority, indication of party proposing,

22  etc.) to the Chambers' e-mail address: JFW_Chambers@cacd.

23  uscourts.gov.

24       **(iv) A Table of Contents shall be included with all**

25  **jury instructions (both the agreed upon set and the joint**

26  **statement re: disputed instructions) submitted to the Court.**

27  / / /

28  / / /

The Table of Contents shall set forth the following:

       (a)  The number of the instruction;

       (b)  A brief title of the instruction;

       (c)  The source of the instruction; and

       (d)  The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Burden of Proof | 9th Cir. Manual of Model Jury Instr. 5.1 | 5 |

       (v)  The Court directs counsel to use the instructions from the <u>Ninth Circuit Manual of Model Jury Instructions</u> (West Publishing, most recent edition) where applicable.  Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the <u>Judicial Council of California Civil Jury Instructions</u> ("CACI") (LexisNexis Matthew Bender, most recent edition).  If neither of these sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> (most recent edition).

       (vi) Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

   **Caveat**:  **The failure of any counsel to comply with or cooperate in <u>all</u> of the foregoing procedures regarding jury instructions and/or verdict forms will constitute a waiver of**

1   **all objections to the jury instructions and/or verdict form**
2   **used by the Court.**

3      **(g) Real-Time Reporting Requirement**

4      Each party must file with the Court, at the same time
5   counsel submit the PTCO, a document for the Court Reporter
6   which contains proper names, unusual or scientific terms, or
7   any other foreign or uncommon words that are likely to be
8   used by the parties during the PTC and the Trial.  Each party
9   shall also e-mail a copy of the document to the Chambers' e-
10   mail address (JFW_Chambers@cacd.uscourts.gov) at the time of
11   filing.

12      **(h)  Joint Statement of the Case and Requests for Voir**
13   **Dire**

14      At the Pre-Trial Conference, the parties shall file their
15   proposed voir dire questions and their joint statement of the
16   case which the Court shall read to all prospective jurors
17   prior to the commencement of voir dire.  The statement should
18   be not longer than two or three paragraphs.

19      The Court conducts voir dire of all prospective jurors.
20   The parties need not submit requests for standard voir dire
21   questions, such as education, current occupation, marital
22   status, prior jury service, etc., but should include only
23   proposed questions specifically tailored to the parties and
24   issues of the case.

25   **7.   COURT TRIALS**

26      **(a)  Declarations of Witness Direct Testimony**

27      Counsel in non-jury trials shall submit the direct
28   testimony of their witnesses in writing in a declaration

executed under penalty of perjury.  These declarations shall be in admissible form with appropriate foundation established for the declarant's statements.  Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.  Any exhibits which are attached to a witness declaration shall be numbered consistently with the number of the exhibit on the Joint Exhibit List.

Counsel are to exchange and file these declarations at least twelve calendar days before trial, unless otherwise ordered by the Court.  Courtesy copies shall be provided to the Court in accordance with Section 1 of this Order. Courtesy copies shall be submitted to the Court in a slant D-ring binder with each declaration separated by a tab divider on the right side.  All documents must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  The binders shall also contain a Table of Contents listing the declarations contained therein.

Eight calendar days before trial, counsel may file evidentiary objections to those declarations.  Counsel shall prepare a separate document for each declaration for which they have an evidentiary objection in which they shall quote the specific language from the declaration to which they object, followed by the objection and any relevant argument. Counsel shall file any reply or response to the objections by noon on the fifth calendar day before trial.  Courtesy copies shall be provided to the Court in accordance with Section 1 of this Order.  **DO NOT SUBMIT BLANKET OR BOILERPLATE**

**OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS. THESE WILL BE DISREGARDED AND OVERRULED.**

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected. Counsel will then conduct the cross-examination and re-direct examination at trial.

Failure to comply with the literal terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

**(b)  Trial Briefs**

Counsel for each party shall file and serve a trial brief, not to exceed 15 pages in length, fourteen calendar days before trial.

**(c)  Findings of Fact and Conclusions of Law**

Counsel for each party shall file and serve initial proposed findings of fact and conclusions of law fourteen calendar days before trial. Counsel for each party shall also e-mail a copy of their proposed findings of fact and conclusions of law to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) on the date due. Counsel for each party shall then:

(1) Underline in red the portions which it disputes;

(2) Underline in blue the portions which it admits; and

(3) Underline in yellow the portions which it does not dispute, but deems irrelevant.

/ / /

/ / /

1       Counsel may agree with a part of a finding or conclusion,
2  disagree with a part of it, and/or consider a part of it
3  irrelevant.

4       Two marked copies of opposing counsel's proposed findings
5  of fact and conclusions of law shall be filed with the Court
6  seven calendar days before trial and one marked copy shall be
7  served on opposing counsel.  Courtesy copies shall be
8  provided to the Court in accordance with Section 1 of this
9  Order.

10  **8.   SETTLEMENT**

11       This Court will not conduct settlement conferences in
12  non-jury cases which the Court will try unless counsel for
13  all parties and their respective clients agree either in
14  writing or on the record.  In jury cases, the Court will
15  conduct a settlement conference at the parties' joint request
16  if three conditions exist:

17       (a)  The parties are satisfied that the fact issues in
18  the case will be tried to a jury;

19       (b)  All significant pre-trial rulings which the Court
20  must make have been made; and

21       (c)  The parties desire the Court to conduct the
22  conference, understanding that if settlement fails, the Court
23  will preside over trial of the case.

24       The parties must file a Status Report re: Settlement at
25  the time they lodge the Proposed Pre-Trial Conference Order.
26  The Status Report shall include the name and phone number of
27  the Settlement Officer who assisted the parties with their
28  settlement conference.

1     **Caveat**:  If counsel fail to file the required Pre-Trial

2 documents or fail to appear at the Pre-Trial Conference and

3 such failure is not otherwise satisfactorily explained to the

4 Court: (a) the cause shall stand dismissed for failure to

5 prosecute if such failure occurs on the part of the

6 plaintiff; (b) default judgment shall be entered if such

7 failure occurs on the part of the defendant; or (c) the Court

8 may take such action as it deems appropriate.

9

10

11 DATED:    June 15, 2010

12                        JOHN F. WALTER
                  UNITED STATES DISTRICT JUDGE

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)**<br>**Estimated length: _7_ days** | 8:30 am | | | | 5/24/11 |
| **[Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions** | 10:00 am | | | | 5/13/11 |
| **[Court trial] Hearing on Motions in Limine** | 10:00 am | | | | X |
| **Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case** | 10:00 am | | | | 5/6/11 |
| **Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | | | | | 4/21/11 |
| **Last day for hearing motions \*** | 1:30 pm | | | | 3/28/11 |
| **Discovery cut-off** | | | | | 3/1/11 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| **Last day to conduct Settlement Conference** | | | | | 2/1/11 |
| **Last day to file Joint Report  re: results of Settlement Conference** | | | | | 2/8/11 |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.

(Rev. 1/4/10)