1  JON D. MEER (State Bar No. 144389)
   jmeer@seyfarth.com
2  SIMON L. YANG (State Bar No. 260286)
   syang@seyfarth.com
3  **SEYFARTH SHAW LLP**
   2029 Century Park East, 35th Floor
4  Los Angeles, California  90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  LORIE E. ALMON (*admitted pro hac vice*)
   lalmon@seyfarth.com
7  **SEYFARTH SHAW LLP**
   620 Eighth Avenue, 32nd Floor
8  New York, New York  10018
   Telephone:   (212) 218-5500
9  Facsimile:    (212) 218-5526

10 Attorneys for Defendant
   THE PRUDENTIAL INSURANCE
11 COMPANY OF AMERICA, INC.

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14

15 DOMINIQUE OSBORNE, on her own        Case No. 2:10-CV-02465 JFW (CWx)
   behalf on behalf of a class of similarly
16 situated persons pursuant to F.R.C.P.   [*The Hon. John F. Walter*]
   23 and U.S.C. § 216, and on behalf of
17 the General Public,                   **DEFENDANT'S OPPOSITION**
                                         **MEMORANDUM OF POINTS AND**
18          Plaintiffs,                  **AUTHORITIES FOR PLAINTIFF'S**
                                         ***EX PARTE* APPLICATION IN**
19     v.                                **SUPPORT OF ORDER ALLOWING**
                                         **RELIEF FROM LOCAL RULE**
20 THE PRUDENTIAL INSURANCE              **23-3'S NINETY DAY CLASS**
   COMPANY OF AMERICA, a New             **CERTIFICATION DEADLINE OR**
21 Jersey Corporation,                   **TO ALLOW PLAINTIFF'S**
                                         **RESUBMITTED MOTION FOR**
22          Defendant.                   **CLASS CERTIFICATION TO BE**
                                         **DEEMED FILED *NUNC PRO TUNC***
23

24                                       Complaint Filed:     April 5, 2010

25                                       Trial Date:          May 24, 2011
                                         Pre-Trial Conference: May 6, 2011
26                                       Motion Cutoff:       March 28, 2011
                                         Discovery Cutoff:    March 1, 2011
27

28

12520249v.1 / 33250-270008

# I.   PLAINTIFF'S *EX PARTE* APPLICATION IS PROCEDURALLY IMPROPER

Plaintiff has filed *ex parte* papers arising from an Order to strike a prior pleading due to a filing defect.  Ironically, Plaintiff's *ex parte* papers are also defective.

The Court's Scheduling and Case Management Order is clear.  It states that *ex parte* practice is "strongly discouraged."  (*See* Order filed June 15, 2010, p. 6) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).  The Order also states that the Court "will require strict adherence to proper *ex parte* procedures for any *ex parte* application filed with the Court.  *Id.* Plaintiff's *ex parte* application does not demonstrate "strict adherence" -- or even minimal adherence -- to the required *ex parte* procedures.[1]

An *ex parte* application must be submitted in two parts.  As stated in *Mission Power*, "[a]n *ex parte* application should never be submitted by itself.  It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking."  *Mission Power*, 883 F. Supp. at 492.  As the Court explained, "[t]he first part should address only why the regular noticed motion procedures must be bypassed.  The second part consists of papers identical to those that would be filed to initiate a regular noticed motion."  *Id.*  The Court then held that these requirements must be followed for all *ex parte* applications:

> These are separate, distinct elements for presenting an ex parte motion and should never be combined.  The parts should be separated physically and submitted as separate documents.

*Id.* (italics in original).

---

[1] For example, the caption page for Plaintiff's *ex parte* application lists several incorrect dates.  Plaintiff lists a trial date of June 24, 2011, although the Court has set the trial date for May 24, 2011.  (Order filed June 15, 2010, p. 31.)  Plaintiff lists a pre-trial conference date of June 6, 2011, although the Court has set the pre-trial conference for May 6, 2011.  (*Id.*)

1    In this case, Plaintiff has submitted a single combined document, in direct

2    violation of the *ex parte* requirements.  Plaintiff's papers do not include a separate

3    *ex parte* application to address why the regular noticed motion procedures should

4    be bypassed.  Instead, Plaintiff's papers solely address issues with respect to the

5    filing date for Plaintiff's Motion for Class Certification.  Thus, Plaintiff's *ex parte*

6    papers should be stricken because the papers are procedurally defective.

7    **II.    THE RELIEF SOUGHT IN PLAINTIFF'S APPLICATION IS**
        **UNDULY PREJUDICIAL TO DEFENDANT**

8

9    Plaintiff's *ex parte* application seeks several alternative forms of relief.

10   Plaintiff seeks *nunc pro tunc* relief or permission to file a notice of errata, both of

11   which would allow the Motion for Class Certification to be retroactively re-filed

12   on July 19, 2010.  Although the Court has already stricken Plaintiff's Motion for

13   Class Certification, Plaintiff argues that, by correcting the filing defect in a

14   pleading, the original filing date can be restored.

15   Alternatively, Plaintiff seeks a new hearing date so that the Motion for Class

16   Certification can later be filed.  In seeking a new hearing date, Plaintiff requests

17   relief from Local Rule 23-3, which requires a party to move for class certification

18   within 90 days after filing a complaint.

19   Plaintiff's requests for different forms of relief create an untenable position

20   for Defendant.  The Court has issued an Order stating that "[n]o applications or

21   stipulations extending the time to file any required document or to continue any

22   date are effective until and unless the Court approves them."  (Order filed June 15,

23   2010, p. 6.)  Because Plaintiff's application cannot be effective until and unless it

24   is approved by the Court, the briefing period for Plaintiff's Motion for Class

25   Certification is uncertain.

26   On one hand, Plaintiff seeks to have Defendant prepare an opposition to a

27   Motion for Class Certification as if the original filing date for the moving papers

28   has been restored.  This would require Defendant to expend time and resources to

2

1   prepare papers for a motion that has already been stricken.  On the other hand, if

2   Defendant does not expend the time and resources to prepare its opposition papers

3   based on the original filing date, Defendant will be significantly disadvantaged if

4   the Court restores the original filing date, which would allow Defendant little or no

5   time to file an opposition.[2]

6       Either way, Defendant will be unduly prejudiced.  Regardless of the Court's

7   subsequent decision on Plaintiff's *ex parte* application, Plaintiff has already

8   prejudiced Defendant by consuming time that would have otherwise been spent

9   opposing Plaintiff's motion.  This form of gamesmanship should not be rewarded.

10  *See, e.g., Mission Power*, 883 F. Supp. at 490 (noting that "gamesmanship" often

11  accompanies *ex parte* applications; "The goal often appears to be to surprise

12  opposing counsel or at least to force him or her to drop all other work to respond

13  on short notice.").

14  **III.   PLAINTIFF SHOULD NOT BE EXCUSED FROM THE
         REQUIREMENTS OF LOCAL RULE 23-3**

15      The Order issued by the Court in this case states that "[m]otions for class

16  certification **shall** be filed in accordance with Local Rule 23-3."  (Order filed June

17  15, 2010, p. 31; emphasis added.)  Local Rule 23-3 states that "[w]ithin 90 days

18  after service of a pleading purporting to commence a class action . . . the proponent

19  of the class shall file a motion for certification that the action is maintainable as a

20  class action, unless otherwise ordered by the Court."

21      Here, Plaintiff concedes that the deadline for filing a Motion for Class

22  Certification in this case was July 19, 2010, but seeks an extension of time.

23  Plaintiff's counsel claims that an extension is proper because the filing defect for

24  the Motion for Class Certification was minor, at least in counsel's view.  Plaintiff's

25

---

[2] If the original filing date is restored, the parties are not likely to receive an Order
from the Court until Friday, July 23, 2010.  This would mean that Defendant might
have less than one business day to prepare its opposition papers to be filed on the
following Monday, July 26, 2010.  Of course, this would be unduly prejudicial to
Defendant.

26

27

28

3

counsel states that the failure to list the correct hearing time for the Motion for Class Certification was merely a "typographical error," which should constitute excusable neglect.[3]

So-called typographical errors are not excusable neglect if the errors could have easily been prevented. The Judge's Procedures and Schedules issued by the Court state that all hearings are held at 1:30 p.m. only on a Monday. If Plaintiff's counsel had more carefully reviewed these written procedural requirements, the defect regarding the time set for the hearing could have been avoided.

The failure of Plaintiff's counsel to designate the correct hearing time does not constitute the type of "excusable neglect" that allows relief from Local Rule 23-3. Ignoring filing requirements or instructions for scheduling hearings cannot be an excuse for filing a defective pleading. Even when class certification is at stake, filing defects may not allow a party more time to file corrected papers. *See, e.g., Watson v. Schwarzenegger*, 2009 WL 1956222 at *1 (9th Cir. 2009) ("The district court did not abuse its discretion in denying [plaintiff's] motion for relief from Local Rule 23-3 because [plaintiff's] unfamiliarity with the local rules and unnecessary delay in filing his motion did not constitute excusable neglect.") (citing Fed. R. Civ. Proc. 6(b)(1)(B); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).[4]

---

[3] Plaintiff's counsel states in his declaration that the filing defect was caused by "a single key stroke mistake." (Black Decl., ¶ 5.) However, Plaintiff's counsel listed the incorrect hearing time on 5 separate pleadings filed with the Court in connection with the Motion for Class Certification on July 19, 2010. Plaintiff's counsel also listed an incorrect trial date and pre-trial conference date on the same 5 separate pleadings filed with the Court at the same time. Plaintiff's counsel then continued to list an incorrect trial date and pre-trial conference date when he refiled 5 separate pleadings in connection with the Motion for Class Certification on July 21, 2010. In total, Plaintiff's counsel has filed 11 pleadings, including Plaintiff's *ex parte* application, containing caption information that is incorrect. This repeated disregard for the Court's Order and procedures shows more than "a single key stroke mistake." Similarly, Plaintiff's counsel's disregard for detail is demonstrated again in his declaration, in which he states that he met and conferred with Defendant's counsel on July 19, 2010. (Black Decl., ¶ 5.) This is not true.

[4] Plaintiff certainly could have filed the Motion for Class Certification before the expiration of the 90-day period under Local Rule 23-3. By waiting until the last

## IV.   PLAINTIFF DID NOT PROPERLY MEET AND CONFER PRIOR TO FILING THE *EX PARTE* APPLICATION

Prior to filing the *ex parte* application, Plaintiff did not obey the meet and confer requirements under Local Rule 7.19.1.  This has further prejudiced Defendant.

When Plaintiff's counsel sought to meet and confer about the filing date for the Motion for Class Certification, Plaintiff's counsel stated that he would only be seeking a new subsequent filing date for the Motion for Class Certification, and would be requesting relief from Local Rule 23-3.  (Meer Decl., ¶ 4.)  Plaintiff's counsel never stated that he would be filing an *ex parte* application for *nunc pro tunc* relief or permission to file a notice of errata in order to retroactively restore the filing date for the Motion for Class Certification to July 19, 2010.  (Meer Decl., ¶¶ 3-5.)  Indeed, Plaintiff's counsel sent an email at 4:07 p.m. on July 21, 2010 indicating that "[w]e have filed an ex parte application for relief from the certification deadline of Local Rule 23-3."  (Meer Decl., ¶ 4, Ex. A.)  No where in the email does Plaintiff's counsel indicate that Plaintiff would be seeking *nunc pro tunc* relief or permission to file a notice of errata.  (Meer Decl., ¶ 4, Ex. A.)

In fact, Plaintiff's counsel stated that he anticipated filing an *ex parte* application the following Monday, July 26, 2010, in order to seek relief from Local Rule 23-3.  In order to avoid any confusion, Defendant's counsel asked Plaintiff's counsel to confirm their mutual understanding that the prior briefing schedule did not remain in effect and Plaintiff's counsel replied that the prior briefing schedule had been abandoned because "the motion has been stricken."  (Meer Decl., ¶ 5.)  Plaintiff's counsel confirmed in an email that "the briefing schedule for our motion

possible date to file, Plaintiff assumed all potential risks associated with a defective filing that could not later be corrected.  As the Order issued by the Court states, the dates in this case have been set "to enable the parties and their counsel to know well in advance the schedule that will govern this action."  (Order filed June 15, 2010, p. 1.)  Thus, Plaintiff had advance notice of the filing date for a Motion for Class Certification, in the Order issued by the Court, as well as in Local Rule 23-3.

5

1  filed on July 19th has been vacated." (Meer Decl., ¶ 3, Ex. A.) As a result of this
2  representation by Plaintiff's counsel, Defendant's counsel discontinued work on
3  preparing an opposition to Plaintiff's Motion for Class Certification, because the
4  original briefing schedule had been abandoned. (Meer Decl., ¶¶ 3-5.) Moreover,
5  Plaintiff's resubmitted Motion for Class Certification itself sets the hearing date for
6  August 23, 2010.

7        It is improper for Plaintiff's counsel to now seek relief that was never raised
8  in the prior meet and confer discussions. *See, e.g.,* Local Rule 7-19.1 ("It shall be
9  the duty of the attorney so applying (a) to make a good faith effort to advise
10  counsel for all other parties, if known, of the date, time and **substance** of the
11  proposed *ex parte* application and (b) to advise the Court in writing of efforts to
12  contact other counsel and whether any other counsel, after such advice, opposes
13  the application or has requested to be present when the application is presented to
14  the Court.").

15        Plaintiff's failure to meet and confer has unduly prejudiced Defendant, for
16  the reasons stated above. The undue prejudice to Defendant should be considered
17  when reviewing Plaintiff's *ex parte* application. *See, e.g., Lemoge v. U.S.*, 587
18  F.3d 1188, 1192 (9th Cir. 2009) (when determining whether to grant relief based
19  on alleged "excusable neglect," it is an abuse of discretion for a district court to fail
20  to consider "the danger of prejudice to the opposing party").

21  **V.  IN THE UNLIKELY EVENT THAT THE COURT IS INCLINED TO**
22  **GRANT PLAINTIFF'S *EX PARTE* APPLICATION, THE RELIEF**
      **PROVIDED SHOULD BE ONLY A NEW FILING DATE**

23        If Plaintiff's *ex parte* application is not denied at the outset, the Court should
24  choose the form of relief that causes the least prejudice to Defendant. Because
25  Defendant would be unduly prejudice by a decision to retroactively restore the

26

27

28

6

1    prior filing date, Defendant respectfully requests that the Court only consider

2    allowing Plaintiff to re-file the Motion for Class Certification on a later date.[5]

3           Also, if the Court grants this form of relief, it should only be to allow

4    Plaintiff to correct the defects in the caption of the Motion for Class Certification.

5    Plaintiff should not be allowed to add additional arguments, evidence or declarants

6    when the papers are re-filed.

7           Local Rule 23-3 is intended to require a party seeking certification to be

8    prepared to file moving papers within 90 days of filing a complaint.  If Plaintiff is

9    granted an extension to re-file the moving papers, Plaintiff should not be given an

10   expanded opportunity to present any new material.  This would run afoul of the

11   purpose of Local Rule 23-3.

12   **VI.   <u>CONCLUSION</u>**

13          As explained in more detail above, Plaintiff's *ex parte* application should be

14   denied because (1) it violates the Order regarding *ex parte* applications issued by

15   this Court, (2) it violates the Ninth Circuit case authority regarding the procedural

16   requirements for *ex parte* applications, (3) it violates Local Rule 7-19.1 regarding

17   meet and confer requirements, and (4) will cause undue prejudice for Defendant.

18   ///

19   ///

20   ///

21   ///

22   ///

23

24
_____
25   [5] Plaintiff's [Proposed] Order includes only one form of relief -- a decision to
     retroactively restore the filing date for the Motion for Class Certification to July
26   19, 2010.  Of course, this is yet another defect in Plaintiff's *ex parte* application --
     the relief sought in the *ex parte* application does not match the relief included in
27   the [Proposed] Order.  Even worse, the form of relief provided in the [Proposed]
     Order is a form of relief that was never raised by Plaintiff's counsel in any prior
28   meet and confer discussions.

1   However, if the Court is inclined to grant relief to Plaintiff, Defendant respectfully

2   requests that Plaintiff only be allowed to file a Motion for Class Certification with

3   a corrected caption on a later date without the addition of any new arguments,

4   evidence or declarants.

5

6   DATED: July 22, 2010            **SEYFARTH SHAW LLP**

7

8                               By: _____/s/ Jon D. Meer_____

9                                  JON D. MEER
                                Attorneys for Defendant

10                                 THE PRUDENTIAL INSURANCE
                                COMPANY OF AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28