JON D. MEER (State Bar No. 144389)
jmeer@seyfarth.com
SIMON L. YANG (State Bar No. 260286)
syang@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

LORIE E. ALMON (*admitted pro hac vice*)
lalmon@seyfarth.com
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and U.S.C. § 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>Defendant. | Case No. 2:10-CV-02465 JFW (CWx)<br><br>[*The Hon. John F. Walter*]<br><br>**DECLARATION OF JON D. MEER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION IN SUPPORT OF ORDER ALLOWING RELIEF FROM LOCAL RULE 23-3'S NINETY DAY CLASS CERTIFICATION DEADLINE OR TO ALLOW PLAINTIFF'S RESUBMITTED MOTION FOR CLASS CERTIFICATION TO BE DEEMED FILED *NUNC PRO TUNC*** <br><br>Complaint Filed: April 5, 2010<br><br>Trial Date: May 24, 2011<br>Pre-Trial Conference: May 6, 2011<br>Motion Cutoff: March 28, 2011<br>Discovery Cutoff: March 1, 2011 |

12520389v.1 / 33250-270008

I, JON D. MEER, declare and state as follows:

1. I have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify as to their accuracy.

2. I am an attorney licensed to practice in the State of California and I am admitted to appear before this Court. I am a partner in the law firm of Seyfarth Shaw LLP, counsel for Defendant The Prudential Insurance of America, Inc., in the above-captioned matter.

3. After learning that Plaintiff's Motion for Conditional Certification or Motion for Class Certification had been stricken due to a filing defect, I had a telephone conference with Plaintiff's counsel, Jason Black on July 21, 2010. During the telephone conference, Plaintiff's counsel confirmed that the Order filed by the Court on July 21, 2010 had vacated the existing briefing schedule and hearing date for Plaintiff's Motion for Class Certification. As Plaintiff's counsel concurred, the briefing dates had been taken off-calendar because "the motion was stricken." Indeed, Plaintiff's counsel sent an email at 4:07 p.m. on July 21, 2010, that indicated that "the briefing schedule for our motion filed on July 19th has been vacated." Attached as Exhibit "A" is a true and correct copy of Plaintiff's counsel's email.

4. Plaintiff's counsel then indicated that he would like to meet and confer regarding an *ex parte* application. As Plaintiff's counsel explained, Plaintiff would be seeking an *ex parte* application to allow Plaintiff to file the Motion for Class Certification on Monday, July 26, 2010, so that the hearing date would be set for August 23, 2010. Plaintiff's counsel indicated that the *ex parte* application would seek relief from Local Rule 23-3, so that Plaintiff could file a Motion for Class Certification after 90 days had passed since the filing of the Complaint. Plaintiff's counsel indicated that the *ex parte* papers seeking this relief would be filed on July 26, 2010. In Plaintiff's counsel's July 21, 2010 email, Plaintiff's counsel indicated that "[w]e have filed an *ex parte* application for relief from the

1

certification deadline of Local Rule 23-3." No where in the email does Plaintiff's counsel indicate that Plaintiff would be seeking *nunc pro tunc* relief or permission to file a notice of errata. (Ex. A.)

5. Within an hour of completing my telephone call with Plaintiff's counsel, I then received Plaintiff's *ex parte* application, which was filed on July 21, 2010, rather than July 26, 2010. This required me to prepare an opposition within 24 hours, which consumed the remainder of the afternoon and early evening on July 21, 2010. The extended time necessary to prepare an opposition to Plaintiff's *ex parte* application was caused by Plaintiff's counsel's failure to indicate that the *ex parte* relief sought would include a request to retroactively restore the filing date for the Motion for Class Certification on July 19, 2010. As a result, I was required to spend a significant amount of time to oppose Plaintiff's *ex parte* application, which prevented me from preparing an opposition to Plaintiff's Motion for Class Certification. Thus, Defendant will be unduly prejudiced if the filing date for the Motion for Class Certification is retroactively restored to July 19, 2010.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 22nd day of July, 2010, at Los Angeles, California.

_____
JON D. MEER

12520389v.1 / 33250-270008

# Exhibit "A"

| | |
|---|---|
| **From:** | Jason Black [jason@teeplehall.com] |
| **Sent:** | Wednesday, July 21, 2010 4:07 PM |
| **To:** | Meer, Jon D. |
| **Subject:** | Osborne v. Prudential - Notice of Ex Parte Application |

Jon –

I am sending the email in regard to the Court's decision today to strike our Motion for class certification because of a typo in the hearing "time". We have re-submitted our motion for class certification, issuance of class notice and equitable tolling this afternoon with a new hearing date for August 23rd 2010 at 1:30 p.m. [ECF Docket Document 30] As such it appears that the briefing schedule for our motion filed on July 19th has been vacated. As we discussed earlier this afternoon – we have filed an ex parte application for relief from the certification deadline of Local Rule 23-3 as a result of the mistake in noticing the hearing. We have filed our ex parte application electronically and have also faxed you a copy of our papers. Pursuant to Local Rules 7-19-20 and the Court's Standing Order, Pages 9-10, Section 6 – you have 24 hours from the time of filing of our application to file your opposition. The Standing Order also indicates that: "The courtroom deputy clerk will notify counsel of the court's ruling or a hearing date and time, if the court determines a hearing is necessary." Id.

Let me know if you have any questions.

**Jason Black**
**Teeple Hall, LLP**
9255 Towne Centre Drive, Suite 500
San Diego, CA 92121
858.622.7878 office
858.622.0411 fax
jason@teeplehall.com
www.teeplehall.com

IMPORTANT: This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this me ssage is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified t hat any dissemination, distribution, or copying of this communication is strict ly prohibited. If you received this message in error, please notify the sender immediately by telephone or return email and destroy this email and any attachments. We will reimburse any costs you reasonably incur in noti fying us and returning the message to us.

IRS CIRCULAR 230 DISCLOSURE STATEMENT - IN COMPLIANCE WITH IRS REQUIREMENTS UNDER CIRCULAR 230 (JUNE, 2005), WE INFORM YOU THAT THIS COMMUNICATION MAY NOT BE USED AS A RELIANCE OPINION AND IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY YOU FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON Y OU BY THE INTERNAL REVENUE SERVICE.

(updated October 2005)