JON D. MEER (State Bar No. 144389)
jmeer@seyfarth.com
SIMON L. YANG (State Bar No. 260286)
syang@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

LORIE E. ALMON (*admitted pro hac vice*)
lalmon@seyfarth.com
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 23 U.S.C. § 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>Defendant. | Case No. 2:10-CV-02465 JFW (CWx)<br><br>*The Hon. John F. Walter*<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION**<br><br>Date: October 18, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16<br><br>Complaint Filed: April 5, 2010<br>Trial Date: May 24, 2011<br>Pre-Trial Conference: May 6, 2011<br>Motion Cutoff: March 28, 2011<br>Discovery Cutoff: March 1, 2011 |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................... 1

II.    THE COURT HAS ALREADY ADDRESSED AND REJECTED
       PLAINTIFF'S REPEATED REQUESTS TO RE-FILE HER
       MOTION FOR CERTIFICATION AFTER THE 90-DAY
       DEADLINE SET FORTH IN LOCAL RULE 23-3 ...................................... 1

       A.    Plaintiff Previously Made Two Requests Seeking An Extension
             Of Time To File Her Motion For Reconsideration, Both Of
             Which Were Rejected By The Court ...................................... 2

       B.    Plaintiff's Motion Amounts To An Improper Third Request For
             Reconsideration ........................................................... 3

III.   PLAINTIFF'S REQUEST TO WITHDRAW THE OPT-IN
       CONSENTS IS IMPROPER .......................................................... 5

IV.    PLAINTIFF'S CURRENT REQUEST TO RE-FILE HER MOTION
       FOR CERTIFICATION IS BASED ON INCORRECT
       CONCLUSIONS OF FACT AND LAW .............................................. 6

       A.    Plaintiff's Original Motion For Certification Was Deemed To
             Be Never Filed ............................................................ 6

       B.    Plaintiff's Filing Defects Were Numerous and Repeated ............... 7

       C.    The Scheduling Order And Local Rule 23-3 Govern The
             Deadline To Seek Certification .......................................... 9

       D.    Plaintiff's Delays Were Not Caused By Defendant's Failure To
             Stipulate To Allow Additional Time For Plaintiff To Re-Submit
             Her Stricken Motion For Certification .................................. 11

       E.    There Has Been No Unequal Or Preferential Treatment When
             Enforcing The Scheduling Order Or Local Rule 23-3 ................... 12

V.     PLAINTIFF HAS NOT SHOWN "EXCUSABLE NEGLECT" AS
       ADEQUATE GROUNDS FOR SEEKING AN EXTENSION OF
       TIME TO MOVE FOR CERTIFICATION .......................................... 13

       A.    Defendant Will Be Unduly Prejudiced If Plaintiff Is Allowed
             To Resubmit An Untimely Motion For Certification ................... 15

       B.    The Length Of Delay Will Have A Significant Impact On
             Subsequent Judicial Proceedings ...................................... 18

       C.    Plaintiff Offers No Justifiable Reason For Her Delay And No
             Justifiable Reason Exists ............................................... 19

i

1

D.   Plaintiff Has Not Demonstrated Good Faith In Connection With
The Delays Caused By An Untimely Motion For Certification .........21

VI.   CONCLUSION ............................................................................22

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*389 Orange St. Partners v. Arnold,*
  179 F.3d 656 (9th Cir. 1999) ............................................................. 3

*Allen v. Murphy,*
  194 F.3d 722 (6th Cir. 1999) .............................................................. 15

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
  946 F.2d 622 (9th Cir. 1991) .............................................................. 5

*Baas v. Dollar Tree Stores, Inc.,*
  2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) ................................... 11

*Bamonte v. City of Mesa,*
  2007 WL 2022011 (D. Ariz. July 10, 2007) ...................................... 11

*Barnett v. Washington Mut. Bank, FA,*
  2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) ..................................... 11

*Breeden v. Benchmark Lending Group, Inc.,*
  229 F.R.D. 623 (N.D. Cal. 2005) ....................................................... 11

*Cedars-Sinai Med. Ctr. v. Shalala,*
  125 F.3d 765 (9th Cir. 1991) .............................................................. 5

*Committee for Idaho's High Desert, Inc. v. Yost,*
  92 F.3d 814 (9th Cir. 1996) ............................................................... 15

*Edwards v. City of Long Beach,*
  467 F. Supp. 2d 986 (C.D. Cal. 2006) ............................................... 10

*Ellison v. Autozone Inc.,*
  2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) ................................... 11

*Forrand v. Fed. Exp. Corp.,*
  2008 WL 276389 (N.D. Cal. Jan. 31, 2008) ...................................... 16

*Grayson v. Kmart Corp.,*
  79 F.3d 1086 (11th Cir. 1996) ............................................................ 10

*In re Nelson,*
  2003 WL 22945657 (Bankr. N.D. Cal. May 20, 2003) ...................... 14

*In re Veritas Software Corp. Secs. Litig.,*
  496 F.3d 962 (9th Cir. 2007) .............................................................. 14

*Inherent.com v. Martindale-Hubbell,*
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) .......................................... 5, 6

iii

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

*Kona Enters., Inc. v. Estate of Bishop,*
   229 F.3d 877 (9th Cir. 2000) .................................................................. 3

*La Chapelle v. Owens-Illinois, Inc.,*
   513 F.2d 286 (5th Cir. 1975) ................................................................ 10

*Marshall v. Gates,*
   44 F. 3d 722 (9th Cir. 1995) ................................................................... 9

*Mendez v. Knowles,*
   556 F.3d 757 (9th Cir. 2009) ................................................................ 14

*Misra v. DecisionOne Mortgage Co. LLC,*
   673 F. Supp. 2d 987 (C.D. Cal. 2008) ................................................. 11

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
   883 F. Supp. 488 (C.D. Cal. 1995) ......................................................... 8

*Mustafa v. Clark County Sch. Dist.,*
   157 F.3d 1169 (9th Cir. 1998) ................................................................ 4

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982) .................................................................... 6

*Pincay v. Andrews,*
   389 F.3d 853 (9th Cir. 2004) ................................................................ 20

*Pioneer Investment Services Co. v. Brunswick Association Ltd. Partnership,*
   507 U.S. 380 (1993) ................................................................ 15, 18, 19

*Ramirez v. RDO-BOS Farms, LLC,*
   2007 WL 273604 (D. Or. Jan 23, 2007) ............................................. 11

*Reynolds v. Wagner,*
   121 F.3d 716 (9th Cir. 1997) ................................................................ 20

*Romero v. Producers Dairy Foods, Inc.,*
   235 F.R.D. 474 (E.D. Cal. 2006) ......................................................... 11

*Rowe ex rel. Rowe v. Bankers Life and Cas. Co.,*
   572 F. Supp. 2d 1138 (D. Ariz. 2008) ................................................... 3

*Spears v. City of Indianapolis,*
   74 F.3d 153 (7th Cir. 1996) .................................................................. 14

*Thompson v. E.I. DuPont de Nemours & Co.,*
   76 F.3d 530 (4th Cir. 1996) .................................................................. 14

*Tomlinson v. Indymac Bank,*
   F.S.B., 359 F. Supp. 2d 898 (C.D. Cal. 2005) .................................... 11

*United States v. Hvass,*
   355 U.S. 570 (1958) ............................................................................... 9

iv

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

*Verner v. Swiss II, LLC,*
   2010 WL 99084 (C.D. Cal. Jan. 6, 2010) ........................................................ 15

*Watson v. Schwarzenegger,*
   2009 WL 1956222 (9th Cir. 2009) ............................................................... 20, 21

**RULES**

Fed. R. Civ. Proc.
   6(b) ........................................................................................................................ 15
   6(b)(1)(B) ................................................................................ 1, 12, 13, 14, 15, 20
   15(a)(2) ................................................................................................................. 21
   16 ........................................................................................................................... 19
   23 ................................................................................................................. 9, 10, 11
   23(c)(1)(A) ........................................................................................................... 10
   26(f) ........................................................................................................................ 9
   83 ............................................................................................................................. 9

Central District Local Civil Rule
   7-4 ........................................................................................................................ 20
   7-18 ......................................................................................................................... 4
   23-3 ....................................................... 1, 2, 6, 8, 9, 10, 11, 12, 13, 15, 16, 18, 20
   83-2.3.1 ................................................................................................................ 12

**OTHER AUTHORITIES**

11 Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 2810.1 (2d ed.) .............................................. 4

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

I.    **INTRODUCTION**

Plaintiff's Motion For An Extension Of Time To Re-Submit Her Motion For Class Certification ("motion") has already been addressed and **rejected** by the Court, in two separate orders.

Plaintiff has already made two attempts to seek permission to resubmit her motion for class certification, after it was stricken by the Court.  Plaintiff's current attempt is merely an improper request for reconsideration, without any new facts or law to support the requested relief.

However, even if the Court wishes to address Plaintiff's third request for an extension of time to re-file her stricken motion for certification, Plaintiff still has not met the standard required under Fed. R. Civ. Proc. 6(b)(1)(B).  While Rule 6(b)(1)(B) provides limited grounds for an extension of time to file a motion based on "excusable neglect," Plaintiff's repeated and uncorrected violations of the Court's Scheduling Order, the Judge's Procedures and Schedules, and the local rules are not excusable.

Alternatively, Plaintiff seeks dismissal of the 17 opt-in individuals who joined this case.  This is simply an attempt to avoid the "first-filed rule," which prevents the filing of a second lawsuit in a new jurisdiction involving similar parties and claims.  By seeking dismissal of the 17 opt-ins, Plaintiff's counsel seeks to re-file in a different jurisdiction and get a second chance at seeking class certification.  This type of forum shopping should not be permitted.

II.   **THE COURT HAS ALREADY ADDRESSED AND REJECTED PLAINTIFF'S REPEATED REQUESTS TO RE-FILE HER MOTION FOR CERTIFICATION AFTER THE 90-DAY DEADLINE SET FORTH IN LOCAL RULE 23-3**

Plaintiff seeks "an extension of time to resubmit her motion for class certification."  (Motion, p. 1.)  However, Plaintiff made the same request to resubmit her motion for certification on two prior occasions.  On both occasions, Plaintiff's request was rejected by the Court.

1

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

1    Plaintiff now makes a third request to re-file the same motion for

2    certification. Plaintiff's current request is no different than her two prior requests.

3    Thus, the current request should be denied.

4    **A.    Plaintiff Previously Made Two Requests Seeking An Extension Of**
     **Time To File Her Motion For Reconsideration, Both Of Which**
5    **Were Rejected By The Court**

6    Plaintiff's deadline for filing a motion for class certification was July 19,

7    2010. (*See* Scheduling Order, Docket No. 18, p. 31.) Plaintiff's motion for

8    certification was filed on the date of the deadline. (Docket No. 23.) Plaintiff's

9    motion was stricken as defective on July 21, 2010. (Docket No. 29.)

10   After her motion for certification was stricken, Plaintiff filed an *ex parte*

11   application seeking permission to re-file her motion for certification on July 21,

12   2010. (*See* Motion, p. 4 and Plaintiff's *ex parte* application, Docket No. 31.)

13   Plaintiff's *ex parte* application sought the thing Plaintiff now seeks:  an order

14   allowing relief from this Court's Scheduling Order and the 90-day certification

15   deadline under Local Rule 23-3. (*See* Plaintiff's *ex parte* application, Docket No.

16   31, at p. 1.)

17   Defendant opposed Plaintiff's *ex parte* request. (Defendant's Opposition to

18   Plaintiff's *ex parte* application, Docket No. 32.) Defendant's opposition was based

19   on the Court's Scheduling Order as well as Local Rule 23-3. (*Id.* at pp. 3-4.)

20   Defendant argued that the Court's Scheduling Order expressly stated that

21   "[m]otions for class certification **shall** be filed in accordance with Local Rule 23-

22   3." (*Id.*; Scheduling Order, Docket No. 18, p. 31; emphasis added.) Defendant

23   also argued that Local Rule 23-3 requires a motion for class certification to be filed

24   "[w]ithin 90 days after service of a pleading purporting to commence a class

25   action." (Defendant's Opposition to Plaintiff's *ex parte* application, Docket No.

26   32, p. 4)

27

28

2

Based on the Court's Scheduling Order and Local Rule 23-3, Defendant argued that Plaintiff should not be permitted to re-file her motion for reconsideration because any subsequent filing would be more than 90 days after service of the Complaint on April 20, 2010.  (Defendant's Opposition to Plaintiff's *ex parte* application, Docket No. 32, pp. 3-4.)

The Court agreed.  The Court stated that Plaintiff's request for an extension of time to re-file the motion for certification was rejected "[f]or the reasons stated in [D]efendant's opposition."  (July 23, 2010 Order, Docket No. 34, p. 1.)

Plaintiff made another attempt to re-file her motion for certification on July 21, 2010, without the Court's permission.  (Docket No. 30.)  Once again, the Court issued an Order striking Plaintiff's untimely and defective papers.  (*See* July 28, 2010 Order, Docket No. 35.)

## B. Plaintiff's Motion Amounts To An Improper Third Request For Reconsideration

Plaintiff now makes a third request for the same relief.  The Court should again deny Plaintiff's request because nothing has changed since the time the Court rejected Plaintiff's two prior attempts to re-file her motion for certification.

While the Court has the inherent power to reconsider and modify its prior orders, reconsideration is an "extraordinary remedy, to be used sparingly." *See, e.g., Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that district court did not abuse its discretion in denying plaintiffs' motion for reconsideration when plaintiffs had numerous opportunities to make the argument before the district court ruled on the motion; the court stressed that reconsideration is an "extraordinary remedy to be used sparingly"). *Accord 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (motions for reconsideration "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); *Rowe ex rel.*

3

*Rowe v. Bankers Life and Cas. Co.*, 572 F. Supp. 2d 1138, 1147 (D. Ariz. 2008) ("Motions for reconsideration should be granted only in rare circumstances. Mere disagreement with a previous order is an insufficient basis for reconsideration. Nor is reconsideration to be used to ask the court to rethink what it has already thought through.").

The Ninth Circuit requires a motion for reconsideration to set forth new facts or law to support a request that a court reverse its prior decision. In addition, the new facts or law must demonstrate a "clear error" or a "manifest injustice." Specifically, there are three grounds justifying reconsideration:

    (1)  an intervening change in controlling law;

    (2)  the availability of new evidence; and

    (3)  the need to correct clear error or prevent manifest injustice.

*See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998) (denying motion for reconsideration where plaintiff did not present the district court with newly discovered evidence, demonstrate that the court committed clear error or manifest injustice, or show that there had there been an intervening change in controlling law). Because of the narrow purposes for which they are intended, motions for reconsideration typically are denied. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 (2d Ed. 2004).

Local Rule 7-18 sets forth similar requirements for seeking reconsideration. As the rule states, motions for reconsideration are improper absent:

    (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision;

    (2) the emergence of new material facts or a change of law occurring after the time of such decision; or

    (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

*Id.* Further, Local Rule 7-18 also states that "[n]o motion for reconsideration shall

4

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

1   in any manner repeat any oral or written argument made in support of or in

2   opposition to the original" decision.

3       Here, Plaintiff does not assert that there are material differences in fact or

4   law that could not have been known prior to the two Orders denying her requests to

5   re-file her motion for certification. She also does not argue that there are new facts

6   or a change in law.

7       Instead, Plaintiff merely repeats the same arguments already rejected by the

8   Court. Because Plaintiff asserts the same arguments that were previously

9   considered, the Court should abstain from considering the same arguments for a

10   third time.

11   **III.**   **PLAINTIFF'S REQUEST TO WITHDRAW THE OPT-IN CONSENTS IS IMPROPER**

12

13       If Plaintiff's request to re-submit her stricken motion for certification is not

granted, Plaintiff argues that the Court should allow the 17 opt-in individuals to
14
withdraw their consent to the jurisdiction of this Court. (Motion, pp. 11-12.) In
15
other words, Plaintiff is asking for permission to engage in forum shopping so that
16
the 17 opt-in individuals can try to seek certification in a different jurisdiction
17
since they are unable to seek certification in the present venue. (*Id.*)
18
      Plaintiff's tactics are an unabashed attempt to violate the "first-filed rule."
19
The "first-filed rule" is intended to prevent forum shopping, promote efficiency,
20
and avoid duplicative litigation. *See, e.g., Inherent.com v. Martindale-Hubbell*,
21
420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (the purpose of the rule is to promote
22
efficiency and avoid duplicative litigation). *Accord Cedars-Sinai Med. Ctr. v.*
23
*Shalala*, 125 F.3d 765, 769 (9th Cir. 1991) (the first-filed rule allows a court to
24
"transfer, stay, or dismiss the second case in the interest of efficiency and judicial
25
economy").
26

27

28

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION
12708185v.8 / 33250-270008

The first-filed rule applies when a complaint involves the same parties and issues that have already been raised in a case in another district. *See, e.g., Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (the first-filed may be invoked "when a complaint involving the same parties and issues has already been filed in another district") (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).  The two actions need not be identical as long as they are "substantially similar." *See Inherent.com*, 420 F. Supp. 2d at 1097.

Here, the motives for dismissing the 17 opt-in individuals are transparent -- if the 17 opt-in individuals are dismissed, they may be able to avoid being considered as the "same parties" for purposes of the first-filed rule in a subsequent case alleging the same claims that have been alleged in the current case.  This may then allow the peripatetic pursuit of a forum that will be more hospitable to a renewed motion for certification.  This result would be directly contrary to the first-filed rule, which is meant to promote efficiency and avoid duplicative litigation.[1]

## IV.   PLAINTIFF'S CURRENT REQUEST TO RE-FILE HER MOTION FOR CERTIFICATION IS BASED ON INCORRECT CONCLUSIONS OF FACT AND LAW

### A.   Plaintiff's Original Motion For Certification Was Deemed To Be Never Filed

The gist of Plaintiff's argument is that she "did timely file her motion for class certification." (Motion, pp. 1, 5, 7, 8.)  Plaintiff, therefore, believes she should now be allowed to re-file her motion because her original papers were timely, although defective. (*Id.*)

---

[1] A second filing of the same claims in a new forum would also be contrary to the intent of Local Rule 23-3, which is to expedite a decision on class certification.  If a new lawsuit could be filed in a different district whenever there is a failure to seek certification within the deadline set under Local Rule 23-3, then Local Rule 23-3 would be eviscerated.  As a practical effect, there would be no deadline to seek certification because the same counsel could file the same claims repeatedly after any certification deadline expires.

6

1       However, the numerous defects in Plaintiff's papers caused the papers to be

2 stricken by the Court.  (*See* Docket No. 29.)  As Plaintiff's current motion

3 acknowledges, "[w]hen a document is stricken, it is as if **it was never filed**."

4 (Motion, p. 3; emphasis added.)  Thus, Plaintiff's motion for certification was **not**

5 **timely** filed because it is deemed to have **never** been filed.

6      **B.**    **Plaintiff's Filing Defects Were Numerous and Repeated**

7       Plaintiff argues that her motion for certification should not have been

8 stricken because she made a "good faith attempt to comply with the Court's rules."

9 (*Id.* at p. 9.)  According to Plaintiff, the only defect in her papers was on a single

10 pleading containing "a single keystroke mistake in reading and typing the correct

11 hearing time."  (*Id.*)

12       Plaintiff mischaracterizes the number of defects in her papers.  In addition to

13 the "single" defect acknowledged by Plaintiff, the stricken motion for certification

14 suffered from numerous other deficiencies and failures to follow the Court's rules

15 and the local rules.

16       Specifically, the stricken motion for certification violated the Court's

17 Scheduling Order requiring that "[t]he title page of all motions must state the Pre-

18 Trial Conference date and the Trial date."  (Scheduling Order, Docket No. 18,

19 pp. 5, 6.)  Plaintiff violated the Scheduling Order by listing an incorrect pre-trial

20 conference date and trial date on the title page of all 5 of the pleadings filed in

21 connection with the defective motion for certification.  (Docket Nos. 23, 24, 25,

22 26.)  Plaintiff again violated the Scheduling Order when she continued to list an

23 incorrect pre-trial conference date and trial date on each of the 5 additional

24 pleadings submitted when Plaintiff re-filed her stricken motion for certification.

25 (Docket No. 30.)  In total, Plaintiff filed at least 11 pleadings, including Plaintiff's

26 *ex parte* application, containing caption information that is incorrect and in

27 violation of the Court's Scheduling Order.

28

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

Plaintiff also had a defective e-filing in connection with her stricken motion for certification by incorrectly filing a [proposed] order.  (Docket No. 27.)  The Court issued a notice of deficiency regarding the improper e-filing.  (*Id.*)  The Court then issued a second notice of deficiency regarding the improper hearing time.  (Docket No. 28.)  The Court then issued its Order striking Plaintiff's motion for certification on July 21, 2010.  (Docket No. 29.)

Plaintiff's *ex parte* application for relief from her filing defects also contained numerous additional filing defects.  Plaintiff disobeyed the *ex parte* requirements listed in the Court's Scheduling Order, by failing to file "a separate proposed motion for the ultimate relief the party is seeking."  (*See* Scheduling Order, Docket No. 18, p. 6; *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).)

Plaintiff's *ex parte* application also violated the Scheduling Order with respect to the requirements for applications to extend time.  (Scheduling Order, Docket No. 18, pp. 6-7.)  As expressly stated in the Scheduling Order, "[a]pplications . . . to extend the time required to file any required document . . . must set forth . . . all dates currently set by the Court in this Order, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date [and] the new dates proposed by the parties."  (Scheduling Order, Docket No. 18, p. 6.)  Plaintiff's *ex parte* papers failed to contain any of this required information.  (Docket No. 31.)

To be sure, Plaintiff's filing errors were not the result of a single mistake -- they were the result of numerous failures to follow the requirements of the Scheduling Order with respect to her stricken motion for certification, her resubmitted motion for certification, and her *ex parte* application.

C.   **The Scheduling Order And Local Rule 23-3 Govern The Deadline To Seek Certification**

Plaintiff next argues that her filing errors should be overlooked because she should not have been required to seek certification within 90 days after service of the Complaint, as required under Local Rule 23-3. (Motion, p. 11.)  According to Plaintiff, the 90-day deadline does not apply to motions for certification of collective actions under Section 216(b) of the Fair Labor Standards Act ("FLSA"). (*Id.*)

This argument is disingenuous, at best.  When setting proposed pre-trial deadlines to be considered by the Court, Plaintiff agreed that she would "file a motion for collective-action certification within the time limits proscribed by Local Rule 23-3." (Joint Report of Parties' Early Meeting of Counsel Pursuant to Fed. R. Civ. Proc. 26(f), Docket No. 15, p. 8.)  The Court then adopted the deadline set forth in Local Rule 23-3 in its Scheduling Order.  (*See* Scheduling Order, Docket No. 18, p. 1) (establishing that motions for certification "shall be filed in accordance with Local Rule 23-3").  Thus, Plaintiff expressly agreed to the 90-day deadline under Local Rule 23-3, which was then incorporated into the Court's Scheduling Order.  (*Id.*)

However, Plaintiff now wants to be excused from the agreed upon deadline set forth in the Scheduling Order and Local Rule 23-3 "in the interests of justice." (Motion, p. 4-5.)  Despite her prior agreement to file her motion for certification in accordance with Local Rule 23-3, Plaintiff now contends that Local Rule 23-3 cannot apply in this case because Plaintiff seeks conditional class certification as a collective action, rather than ordinary class certification under Fed. R. Civ. Proc. 23.  (*See* Motion, p. 11.)[2]

---

[2] Plaintiff is incorrect in implying that Local Rule 23-3 is somehow subservient to Fed. R. Civ. Proc. 23.  It is well settled that local rules of a district court have the same force and effect as laws of the United States. *Marshall v. Gates*, 44 F. 3d 722, 724 (9th Cir. 1995) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958)

9

1   Plaintiff's argument is refuted by the express language of Local Rule 23-3.

2  The plain language of Local Rule 23-3 states that it applies to **any** "class action

3  other than an action subject to the Private Securities Litigation Reform Act of

4  1995" (emphasis added.)  Unlike actions subject to the Private Securities Litigation

5  Reform Act of 1995, collective actions under § 216(b) of the FLSA are not

6  exempted from Local Rule 23-3.  Thus, the plain language of Local Rule 23-3 does

7  not support Plaintiff's position.

8   Further, the goal of early determination of class certification applies to cases

9  where certification is sought under either Fed. R. Civ. Proc. 23 or FLSA § 216(b).

10  Class actions under Fed. R. Civ. Proc. 23 are to be decided "[a]t an early

11  practicable time." Fed. R. Civ. Proc. 23(c)(1)(A).  Similarly, collective actions

12  under FLSA § 216(b) are intended to "facilitate early notice to putative class

13  members."  *See Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D.

14  Cal. 2006) (collective actions may be conditionally certified prior to the

15  opportunity to take significant discovery in order to "facilitate early notice").

16  Thus, the 90-day filing deadline under Local Rule 23-3 clearly serves the purposes

17  of both Fed. R. Civ. Proc. 23 and FLSA § 216(b), because both statutes favor an

18  early decision regarding certification.[3]

19   Plaintiff cites *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir.

20  1996) and *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) to

21  _____

and Fed. R. Civ. Proc. 83) ("Local rules are 'laws of the United States,' and are
valid if ... 'not inconsistent' with the Federal Rules of Civil Procedure.'").

[3] It simply makes no sense that a class certification decision under Fed. R. Civ.
Proc. 23 would be subject to a 90-day filing deadline while a class certification
decision under FLSA § 216(b) would be subject to a longer filing deadline.  Under
Fed. R. Civ. Proc. 23, class actions include, for example, complex multi-state toxic
tort cases alleging billions of dollars in damages.  Plaintiff offers no compelling
explanation why Local Rule 23-3 would apply to such a multi-state toxic tort case
involving much more evidence and factual investigation, but would not apply to an
FLSA claim involving much less discovery.  If Local Rule 23-3 applies to complex
Fed. R. Civ. Proc. 23 class actions, there is no reason why the rule should not apply
here.

10

1   support her faulty argument that Local Rule 23-3 cannot apply to claims under

2   FLSA § 216(b) because Fed. R. Civ. Proc. 23 and FLSA § 216(b) are "mutually

3   exclusive and irreconcilable." (Motion, p. 11.) However, more recent authorities

4   have expressly held that FLSA § 216(b) claims are compatible with claims brought

5   under Fed. R. Civ. Proc. 23 and may proceed in the same action. Thus, recent

6   authorities hold that Local Rule 23-3 establishes the deadline for seeking

7   certification for class actions under FLSA § 216(b) and class actions under Fed. R.

8   Civ. Proc. 23.[4]

9   **D.    Plaintiff's Delays Were Not Caused By Defendant's Failure To Stipulate To Allow Additional Time For Plaintiff To Re-Submit**

10  **Her Stricken Motion For Certification**

11      Plaintiff complains that the current motion would be unnecessary if

12  Defendant had stipulated to allow her to re-submit her stricken motion for

13  certification after the 90-day deadline set forth in the Scheduling Order and Local

14  Rule 23-3. (Motion, pp. 7-8.) Plaintiff, therefore, concludes that Defendant is

15  somehow culpable in her delay in filing the current motion. (Id.)

16      Not so. Given that the deadline for seeking certification was set forth in the

17  Court's Scheduling Order and governed by Local Rule 23-3, Defendant did not

18  have the authority to stipulate to extend the existing deadlines.

19      Plaintiff's counsel was repeatedly informed by Defendant's counsel that

20  Defendant could not stipulate to violate a court order. (Meer Declaration, ¶ 3, Exh.

21  _____

[4] *See, e.g., Misra v. DecisionOne Mortgage Co. LLC*, 673 F. Supp. 2d 987, 994

22  (C.D. Cal. 2008) ("numerous district court opinions in the Ninth Circuit have permitted FLSA claims and state law claims to proceed in the same action;"

23  "These cases . . . demonstrate that an opt-out class under Rule 23 is not inherently incompatible with an FLSA opt-in class.") (citing *Ellison v. Autozone Inc.*, 2007

24  WL 2701923 (N.D. Cal. Sept. 13, 2007); *Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007); *Bamonte v. City of Mesa*, 2007 WL

25  2022011 (D. Ariz. July 10, 2007); *Ramirez v. RDO-BOS Farms, LLC*, 2007 WL 273604 (D. Or. Jan 23, 2007); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D.

26  474 (E.D. Cal. 2006); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D.

27  Cal. 2005); *Barnett v. Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004).

28

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION
12708185v.8 / 33250-270008

1  "A.") Such a stipulation would have been ineffective and improper because only
2  the Court may change the deadlines set forth in the Scheduling Order or Local
3  Rule 23-3, following a motion filed by the requesting party. *See, e.g.*, Fed. R. Civ.
4  Proc. 6(b)(1)(B) (stating that only the court may extend deadlines in response to a
5  "motion made after the time has expired.").

6         Nevertheless, Defendant's inability to stipulate had no impact on Plaintiff's
7  delay in filing the pending motion. Plaintiff was made aware of Defendant's
8  inability to stipulate long before the pending motion was filed. (Meer Declaration,
9  ¶ 4.) For unidentified reasons, Plaintiff waited two months after her original
10 motion was stricken to file this motion.

11 **E.    There Has Been No Unequal Or Preferential Treatment When**
        **Enforcing The Scheduling Order Or Local Rule 23-3**
12
13        Plaintiff argues that it was improper to strike her defective motion for
   certification because Defendant was allowed to supplement an incomplete *pro hac*
14
   *vice* application. (*See* Motion, pp. 2-3.) Plaintiff, therefore, implies that Defendant
15
   was given preferential treatment.
16
          This argument is based on an improper comparison of two very different
17
   circumstances. Plaintiff's stricken motion for certification and subsequent *ex parte*
18
   application contained numerous filing defects that directly violated the Scheduling
19
   Order. In contrast, Defendant's *pro hac vice* application did not violate any terms
20
   stated in the Scheduling Order. Defendant's *pro hac vice* application also did not
21
   violate the local rules.[5]
22
          Plaintiff's stricken motion for certification was the result of numerous
23
   incorrect or misleading pleadings. In contrast, Defendant's *pro hac vice*
24
   _____
25 [5] Defendant's *pro hac vice* application did not contain a "certificate of good
   standing" from the jurisdiction where the attorney applicant was licensed to
26 practice law. However, this certificate is not required under the Local Rules. *See*
   Local Rule 83-2.3.1 (requiring only that an applicant be "of good standing" in the
27 jurisdiction where the applicant practices, without any requirement to furnish a
   certificate of good standing from the other jurisdiction).
28                                            12
   ─────────────────────────────────────────────
   DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
   EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION
   12708185v.8 / 33250-270008

1  application was not incorrect or misleading.  Plaintiff's stricken motion for

2  certification was replete with errors in the papers prepared by Plaintiff's own

3  counsel.  In contrast, Defendant's *pro hac vice* application was dependent upon a

4  document that needed to be obtained from a court in a different jurisdiction.

5       Plaintiff's stricken motion for certification was subject to a filing deadline

6  set forth in the Scheduling Order and Local Rule 23-3.[6]  In contrast, Defendant's

7  *pro hac vice* application was not subject to any filing deadline.  Plaintiff's stricken

8  motion for certification also was a pleading that would have otherwise allowed for

9  the filing of opposition papers.  In contrast, Defendant's *pro hac vice* application

10  was not subject to any opposition.[7]

11       In any event, Plaintiff does not and cannot claim any prejudice resulting

12  from the Court's response to Defendant's *pro hac vice* application.  While Plaintiff

13  claims that it was "improper" for the clerk to email Defendant to request a missing

14  document in connection with the *pro hac vice* application, Plaintiff cannot show

15  how the email communication on this issue prejudiced her in any way.

## V.  PLAINTIFF HAS NOT SHOWN "EXCUSABLE NEGLECT" AS ADEQUATE GROUNDS FOR SEEKING AN EXTENSION OF TIME TO MOVE FOR CERTIFICATION

18       Plaintiff argues that "good cause" exists to allow an extension of time to re-

19  submit her previously stricken class certification motion based on "excusable

20  neglect."  (Motion, p. 6.)

---

[6] Importantly, by the time the Court issued a Notice of Deficiency in response to Plaintiff's improper motion for certification, the deadline for certification had passed.  (*See* Motion, p. 3 (conceding that the Notice of Deficiency was issued *after* the deadline for certification on July 19, 2010).)

[7] While it is obvious that Defendant would oppose a motion for certification, it is also obvious that Plaintiff would not oppose a *pro hac vice* application.  Indeed, a *pro hac vice* application can be granted without even permitting any response by opposing counsel.

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

Federal Rule of Civil Procedure 6(b)(1)(B) allows for an extension of time to file a motion where there is excusable neglect on the part of the party seeking the extension:

> "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."

Fed. R. Civ. Proc. 6(b)(1)(B).

However, if a request for an extension is made **after** the time period for filing expires, a district court's discretion is more restricted. Courts have carefully tested a litigant's claim of excusable neglect and have limited the grounds that are sufficient for seeking an extension. *See, e.g., In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (finding that the "awkward procedural posture" of a case is not sufficient to show good cause or excusable neglect); *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("'Excusable neglect' is not easily demonstrated, nor was it intended to be.") Thus, the finding of excusable neglect is reserved for extraordinary cases. *Id.* ("A party cannot easily show 'excusable neglect,' and the Court should only find 'excusable neglect' in *extraordinary cases* where injustice would otherwise result.'") (emphasis in original); *see also In re Nelson*, 2003 WL 22945657, at *1 (Bankr. N.D. Cal. May 20, 2003) (finding that the court may decline relief even if plaintiff were to demonstrate excusable neglect; "merely establishing excusable neglect does not entitle one to relief").

Mere inattentiveness or inadvertent error may be considered inexcusable. *See, e.g., Mendez v. Knowles*, 556 F.3d 757, 766-767 (9th Cir. 2009) (noting that "run-of-the-mill inattentiveness by counsel" may be inexcusable). Further, requests for an extension after a party has waited until the last minute are less likely to constitute excusable neglect. *See, e.g., Spears v. City of Indianapolis*, 74

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

12708185v.8 / 33250-270008

F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last second to comply with a deadline, they are playing with fire.").[8]

In *Pioneer Investment Services Co. v. Brunswick Association Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court specifically set forth the standard for showing excusable neglect,[9] based on a four-part test, which includes:

(1) the danger of prejudice to the non-moving party;

(2) the length of delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the moving party's conduct was in good faith.

507 U.S. at 395.  Plaintiff cannot show excusable neglect based on any of the *Pioneer* factors, as shown directly below.

**A.    Defendant Will Be Unduly Prejudiced If Plaintiff Is Allowed To Resubmit An Untimely Motion For Certification**

Plaintiff argues that enforcing the deadline under Local Rule 23-3 is contrary to the "interests of justice." (Motion, pp. 4-5.)  Plaintiff then argues that the determination of what constitutes inexcusable neglect "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." (*Id.* at p. 6.)

At the outset, Plaintiff argues that the 90-day deadline to seek certification under Local Rule 23-3 runs afoul of the "interests of justice" if the application of

---

[8] The fact that an error lies with the attorney, and not the attorney's client, is not dispositive of whether there is excusable neglect.  Clients must be held responsible for the omissions of their attorneys, even if the clients are not otherwise culpable for the error.  *Allen v. Murphy*, 194 F.3d 722, 724 (6th Cir. 1999) ("Clients must be held accountable for the acts and omissions of their chosen counsel.").

[9] In *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996), the Ninth Circuit held that the *Pioneer* standard is applicable to motions under Fed R. Civ. Proc. 6(b).  Specifically, Fed. R. Civ. Proc. 6(b) allows a party to move the Court for an order extending the time to act "when an act may or must be done within a specified time" if there is good cause to show that "the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B).

15

the rule results in denial of the opportunity to seek certification. (*Id.*)  However, the 90-day deadline under Local Rule 23-3 has consistently been enforced, even when it serves as the reason for striking class allegations or denying class-wide relief. *See, e.g., Verner v. Swiss II, LLC*, 2010 WL 99084, at *2 (C.D. Cal. Jan. 6, 2010) ("Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's First Amended Complaint."); *Forrand v. Fed. Exp. Corp.*, 2008 WL 276389, at *1 (N.D. Cal. Jan. 31, 2008) ("Plaintiffs sought to amend the scheduling order to allow a late motion for class certification to be brought, but Judge Fischer denied that motion ... and ruled that 'this case will proceed as an individual action" because "no motion for class certification has been or will be filed.'").[10]

Plaintiff next argues that her obligations to comply with the Court's Scheduling Order and Local Rule 23-3 are subservient to the issue of whether non-compliance has caused prejudice to Defendant in this case. (Motion, pp. 6-8.) Plaintiff contends that Defendant will suffer no prejudice if she is allowed to resubmit her stricken motion for certification because "Defendant would receive an incredible advantage in this litigation if Plaintiff's instant motion is granted." (Motion, p. 7.)[11]

Plaintiff is simply wrong.  Plaintiff's logic is that Defendant will "benefit" from extra time in opposing an untimely motion for certification. (Motion, p. 7.)[12]

---

[10] When motions for certification are allowed after the expiration of Local Rule 23-3's 90-day deadline, the request for an extension of time was brought **before** the expiration of the 90-day deadline.

[11] On its face, Plaintiff's argument is incredulous.  Certainly, Plaintiff would not seek a result that would allow Defendant to "receive an incredible advantage in this litigation."  If Plaintiff truly believes that the current motion will result in an "incredible advantage" for Defendant, then the motion should not have been filed.

[12] Plaintiff's logic is that a decision to allow her to resubmit her stricken motion for certification will inevitably result in Defendant having more time to prepare its opposition to a motion that was served on Defendant months beforehand.  Yet Plaintiff carefully avoids making any representation that she will resubmit the same motion if her request for relief is granted.  At most, Plaintiff states that she

16

However, Plaintiff ignores the fact that Defendant will have substantially less time to prepare its defense if conditional certification is granted. This is because a decision to allow Plaintiff to submit an untimely motion for certification would not change any of the subsequent pre-trial and trial dates set in this case. Thus, Defendant would actually have significantly less time to prepare a defense to a potential collective action if Plaintiff is granted the relief she now seeks.

Specifically, the parties and the Court have set pre-trial and trial dates based on a deadline for filing a motion for certification on July 19, 2010. (Motion, p. 10.) If the motion for certification had been timely filed, the discovery cut-off would be approximately 7 months later on March 1, 2011. If Plaintiff is allowed to resubmit her motion for certification 10 days after the hearing on the pending motion, the earliest filing date for the motion for certification would be November 1, 2010. The motion would then not be decided until November 29, 2010. This would limit Defendant to only 3 months of discovery after the motion is decided.[13]

The other pre-trial and trial dates would also be negatively affected by a late-filing of a motion for certification. Given that the late-filed motion for certification could not be decided any earlier than November 29, 2010, Defendant would have only 3 months to file any subsequent motions, including a motion for decertification, because motions must be filed by February 28, 2011, in order to meet the motion hearing cut-off of March 28, 2011. Defendant also would be prejudiced by being forced into a shotgun trial schedule. Because the untimely motion for certification could not be decided before November 29, 2010, Defendant would be forced to go to trial less than 6 months later on May 24, 2011.

---

"does not anticipate making any substantial changes to the motion." (Motion, p. 7.)

[13] Similarly, the discovery period would be further limited by the time expended to send notice to potential class members. Even if potential class members are given minimal notice of 30 days to opt in, then Defendant would only have two months to complete discovery for a nationwide class of current and former employees.

17

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION

1    Accordingly, an untimely motion for certification would unduly prejudice

2    Defendant because Defendant would have less than half the time previously

3    allocated to take discovery and significantly less time to prepare pre-trial motions

4    and prepare for trial.

### B.   The Length Of Delay Will Have A Significant Impact On Subsequent Judicial Proceedings

6        As shown above, the delay in this case inevitably results in any resubmitted

7    motion for certification being deemed filed no earlier than November 1, 2010, and

8    decided no earlier than November 29, 2010.  These delays have a significant

9    impact on all subsequent pre-trial and trial dates.

10       Plaintiff nevertheless argues that "there was no delay" on her part with

11   respect to her stricken motion for certification and, therefore, there will be no delay

12   with respect to subsequent judicial proceedings.  (Motion, p. 8.)  Plaintiff argues

13   that she filed her stricken motion for certification on the last day permitted and

14   then resubmitted her stricken motion for certification "only two days outside of the

15   90-day deadline imposed by Local Rule 23-3."  (Motion, p. 7.)  Accordingly,

16   Plaintiff concludes that the "delay" was merely two days.  (Motion, pp. 7-8.)

17       Plaintiff's analysis is obviously flawed.  Under *Pioneer*, the delay in this

18   case is based on the time that the motion for certification will be **properly** filed

19   and decided, not the time when the stricken motion for certification was

20   **defectively** filed.  It is entirely irrelevant that Plaintiff claims her stricken motion

21   for certification was resubmitted only two days after the deadline stated in the

22   Scheduling Order and Local Rule 23-3.

23       Here, Plaintiff unduly delayed in filing the current motion after learning that

24   the defective motion for certification had been stricken.  If she had been diligent in

25   pursuing the current motion, it would have been filed in early August, shortly after

26   Plaintiff's defective motion for certification was stricken on July 21, 2010, or

27   shortly after her *ex parte* application was denied on July 23, 2010, or shortly after

18

28

her resubmitted motion for certification was stricken on July 28, 2010. Plaintiff offers no reason for why she waited to file the current motion until two months after her defective motion for certification was first stricken. Notwithstanding that Plaintiff has failed to offer any reason for the delay, no justifiable reason exists.[14]

## C.   **Plaintiff Offers No Justifiable Reason For Her Delay And No Justifiable Reason Exists**

Regardless of the length of the delay, Plaintiff argues that she should be allowed to resubmit her stricken motion for certification despite the defects in her papers because she displayed a "good faith effort to comply with the Court's rules and procedures." (Motion, p. 8.)

However, the grounds for modifying the existing Scheduling Order are very restrictive. As the Scheduling Order states, "the dates and requirements are firm." (Scheduling Order, Docket No. 18, p. 1.) Thus, the Scheduling Order expressly states that more than mere "**good faith**" is required to change the existing dates and deadlines. (*Id.*) (emphasis added.) Rather, there must be "**good cause** through a concrete showing." (*Id.*) (emphasis added.)

Plaintiff does not and cannot establish the requisite good cause for modifying the Scheduling Order. To change a scheduling order, a party must show that the existing deadlines could not reasonably be met despite the diligence of the party seeking the modification. Fed. R. Civ. Proc. 16 Advisory Committee Notes (1983 Amendment).

Plaintiff in this case cannot show an inability to meet the deadlines set forth in the Scheduling Order. Instead, Plaintiff's excuse is merely an admitted failure to follow the local rules when filing her stricken motion for certification. Failure

---

[14] It is ironic that Plaintiff delayed over two months in filing this motion, yet now seeks to allow Defendant only three months to prepare all of its pretrial motions and less than six months to prepare for trial. If Plaintiff contends that there is no prejudice to Defendant because Defendant can prepare pre-trial motions and prepare for trial on a highly expedited schedule, then this highlights why it was unreasonable for Plaintiff to take so long to prepare this single pending motion.

1   to follow the local rules is not good cause for modifying the Scheduling Order and

2   is not excusable neglect. *Pioneer,* 507 U.S. at 392 ("While 'excusable neglect' is

3   an equitable standard, inadvertence, ignorance of the rules, or mistakes construing

4   the rules do not usually constitute 'excusable neglect.'"); *Reynolds v. Wagner*, 121

5   F.3d 716, 716 (9th Cir. 1997) ("It is well settled that 'inadvertence, ignorance of

6   the rules, or mistakes construing the rules do not usually constitute excusable'

7   neglect.'").

8       In *Watson v. Schwarzenegger*, 2009 WL 1956222, at *1 (9th Cir. 2009), the

9   Ninth Circuit recently held that this Court did not abuse its discretion in denying a

10  motion for relief from Local Rule 23-3 based on a failure to follow the local rules.

11  In affirming this Court's decision, the *Watson* Court explained:

12      The district court did not abuse its discretion in denying Watson's
        motion for relief from Local Rule 23-3 because **Watson's**
13      **unfamiliarity with the local rules and unnecessary delay in filing**
        **his motion did not constitute excusable neglect.** *See* Fed.R.Civ.P.
14      6(b)(1)(B) (requiring a showing of excusable neglect if a motion to
        extend time is made after the time to act has expired); *Pincay v.*
15      *Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (stating that
        "**a lawyer's failure to read an applicable rule is one of the least**
16      **compelling excuses that can be offered**").

17  *Id.* at *2 (emphasis added) (affirming the decision of Walter, J.).

18      The reasoning of the Ninth Circuit in *Watson* applies equally here.  Plaintiff

19  has repeatedly displayed unfamiliarity with the local rules when seeking class

20  certification.  Local Rule 7-4 titled "Motion Papers" provides that a "[t]he Court

21  may decline to consider a motion unless it meets the requirements of [the local

22  rules].  On the first page of the notice of motion and every other document filed in

23  connection with any motion, there shall be included, under the title of the

24  document, the date and time of the motion hearing . . . ." *See* Local Rule 7-4.  The

25  rule is clear:  motion papers require the hearing time (and not a good-faith attempt

26

27

28
                                            20

at listing the hearing time) on the notice of motion and supporting papers.[15]

Further, Judge Walter's Procedures and Schedules also explicitly state that "[a]ny documents which counsel attempt to file electronically which are improperly filed will not be accepted by the Court." These rules and procedures were available to Plaintiff, and using the Ninth Circuit's words, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered."[16] *Watson*, 2009 WL 1956222, at *2. Accordingly, Plaintiff's "reason" does not constitute excusable neglect.

### D. Plaintiff Has Not Demonstrated Good Faith In Connection With The Delays Caused By An Untimely Motion For Certification

Plaintiff's motion contends that "it is beyond dispute that Plaintiff acted in good faith." (Motion, p. 10.) Plaintiff asserts that there cannot be "any possible argument" of a lack of good faith based on "not correctly noticing the hearing time" on her stricken motion for certification. (*Id.* at pp. 10-11.)

Again, Plaintiff conveniently ignores the numerous other filing defects in connection with her stricken motion for certification, her defective *ex parte* application, and her resubmitted motion for certification. While it is plausible that a lawyer might make a single good-faith filing mistake that is quickly corrected, it

---

[15] Plaintiff has no excuse for listing the incorrect hearing time. Upon viewing Judge Walter's Procedures and Schedules, the first instruction for civil cases is that "[c]ivil motions are heard on: Monday at 1:30 p.m." Judge Walter's Procedures and Schedules, *available at* http://www.cacd.uscourts.gov/cacd/judgereq.nsf/2fb080863c88ab47882567c9007f a070/21e1d8bcf994050e88256bbb0053eaf6?OpenDocument.

[16] Any attempt by Plaintiff to cite *Watson* for the proposition that the Ninth Circuit supports the proposition that the court should freely give leave when justice so requires for "clerical mistakes" is misguided. 2009 WL 1956222, at *2. This discussion in *Watson* merely states that a district court does "not abuse its discretion in allowing the defendants to amend their answer because the defendants' inadvertent admission was due to a clerical error" because Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend pleadings] when justice so requires." *Id.* Rule 15(a)(2), however, also states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, there is no pleading to amend, as it has already been stricken pursuant to the above-discussed local rules and procedures governing this case.

21

1  is not plausible that a lawyer would repeatedly make the same mistakes over and

2  over in numerous pleadings before correcting such errors.  A litany of mistakes, as

3  in this case, shows a continuous disrespect for the Court and its procedures rather

4  than good faith.

5  **VI.   CONCLUSION**

6         For the reasons discussed above, Defendant respectfully requests that this

7  Court deny Plaintiff's motion.

8         The relief sought by Plaintiff has already been addressed and rejected by the

9  Court.  In addition, Plaintiff's alternative request to dismiss the 17 opt-in

10 individuals is a direct attempt to avoid the "first-filed rule," so that this case can be

11 re-filed in a different jurisdiction, with a new chance to seek class certification.

12 Such forum shopping is improper.

13

14 DATED: September 27, 2010              **SEYFARTH SHAW LLP**

15

16                                        By: _____/s/  Jon D. Meer
                                              JON D. MEER
17                                        Attorneys for Defendant
                                          THE PRUDENTIAL INSURANCE
18                                        COMPANY OF AMERICA, INC.

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMO OF Ps & As IN OPPOSITION TO MOTION FOR ORDER
EXTENDING THE DEADLINE TO SUBMIT A MOTION FOR CERTIFICATION
12708185v.8 / 33250-270008