UNITED STATES DISTRICT COURT                        **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 10-2465-JFW (CWx)**                    Date:  October 14, 2010

Title:       Dominique Osborne, et al. *-v-* The Prudential Insurance Company of America

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

      **Sandy Eagle**                                  **None Present**
      **Courtroom Deputy**                         **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
      None                                               None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RE-SUBMIT HER MOTION FOR CLASS CERTIFICATION PURSUANT TO FED.R.CIV.P. 6(b)(1)(B), OR IN THE ALTERNATIVE, WITHDRAWAL OF THE SEVENTEEN OPT-IN CONSENTS FILED WITH THE COURT [filed 9/20/10; Docket No. 36]**

      On September 20, 2010, Plaintiff Dominique Osborne ("Plaintiff") filed a Motion for an Extension of Time to Re-submit Her Motion for Class Certification Pursuant to Fed.R.Civ.P. 6(b)(1)(B), or in the Alternative, Withdrawal of the Seventeen Opt-in Consents Filed with the Court ("Motion").  On September 27, 2010, Defendant The Prudential Insurance Company of America ("Defendant") filed its Opposition.  On October 4, 2010, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 18, 2010, is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

      Pursuant to Local Rule 23-3, Plaintiff's deadline for filing a motion for class certification was July 19, 2010.  Plaintiff attempted to file her motion for class certification on July 19, 2010, but listed an incorrect hearing time, as well as an incorrect trial date and pre-trial conference date, on the Notice of Motion and all other papers filed in connection with the motion.  As a result, Plaintiff's motion for class certification, and all related papers, were struck by the Court.  On July 21, 2010, after the deadline for filing a motion for class certification, Plaintiff again attempted to file her motion with a corrected hearing time (but without correcting the trial date and pre-trial date).  Because Plaintiff attempted to file her motion for class certification after the deadline set forth in Local Rule 23-3, Plaintiff's motion was again struck by the Court on July 28, 2010.  On July 21,

2010, Plaintiff also filed an *ex parte* application seeking relief from Local Rule 23-3 to allow her to file her motion for class certification after the deadline.  On July 22, 2010, Defendant opposed Plaintiff's *ex parte* application on both procedural and substantive grounds, and argued, among other things, that granting Plaintiff relief from Local Rule 23-3 would be unduly prejudicial to Defendant and that Plaintiff had failed to demonstrate the excusable neglect necessary for relief from the requirements of Local Rule 23-3.  On July 23, 2010, the Court denied Plaintiff's *ex parte* application for the reasons stated in Defendant's opposition.

Plaintiff now seeks the identical relief in her Motion and repeats the same arguments that she made in her *ex parte* application.  Therefore, the Court construes Plaintiff's Motion as a motion for reconsideration of the Court's July 23, 2010 Order denying Plaintiff's *ex parte* application.

Pursuant to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  Local Rule 7-18; *see also, e.g., 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").  Motions for reconsideration "are disfavored and are rarely granted."  *Trust Corp. v. Aetna Casualty and Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994).  "Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Ernest Paper Products, Inc. v. Mobil Chemical Co.*, Inc., 1997 WL 33483520, at * 1 (C.D. Cal. Dec. 2, 1997) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)).  Additionally, motions for reconsideration "are not to be used to test new legal theories that could have been presented when the original motion was pending."  *FDIC v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994).

Having considered all the evidence and arguments before it, the Court concludes that Plaintiff has failed to demonstrate that the Court did not consider material facts presented, that new material facts have emerged or a change in the law has occurred since the time of the Court's decision, or any other grounds that would warrant granting Plaintiff's motion for reconsideration.

In addition, even if the Court reconsidered the arguments made by Plaintiff in her Motion, she has failed – as she did in her *ex parte* application – to demonstrate the excusable neglect required by Rule 6(b)(1)(B) to excuse her from the requirements of Local Rule 23-3.[1]  *See, e.g.,*

---

[1]  In her Motion, Plaintiff argues that because she seeks to pursue claims under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b), the class action requirements of Federal Rule of Civil Procedure 23 and Local Rule 23-3 do not apply.  *See, Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).  While it is true that FLSA collective actions,

Initials of Deputy Clerk   se

*Watson v. Schwarzenegger*, 2009 WL 1956222, *1 (9th Cir. 2009) ("The district court did not abuse its discretion in denying [plaintiff's] motion for relief from Local Rule 23-3 because [plaintiff's] unfamiliarity with the local rules and unnecessary delay in filing his motion did not constitute excusable neglect."). In *Pioneer Investment Services Co. v. Brunswick Association Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court specifically set forth the standard for demonstrating excusable neglect, which includes the following four-part test: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.

In this case, Defendant would be significantly prejudiced if Plaintiff was permitted to file a motion for class certification after the Local Rule 23-3 deadline, and Plaintiff has offered no reasonable explanation for delaying over two months in filing her Motion – until September 27, 2010 – from the time her original motion for class certification was struck on July 21, 2010, or her *ex parte* application was denied on July 23, 2010. Such a delay during the course of an ongoing litigation would severely harm Defendant because Defendant would have significantly less time to conduct discovery and file any necessary motions in accordance with the deadlines previously set by the Court in its Scheduling and Case Management Order. Furthermore, Defendant would be required to defend a class action – along with conducting the often budensome and expensive discovery that is necessary to successfully defend a class action – when this case now will proceed as an individual action. Moreover, Plaintiff's repeated mistakes – listing the wrong time for the motion hearing, the wrong trial date, and the wrong pre-trial date – all evidence a lack of good faith and a lack of respect for the Court, its procedures, and its deadlines.

Accordingly, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

---

as "opt-in" class actions, differ from the "opt-out" class actions brought under Rule 23, it is clear that FLSA classes must still be certified. The only way for any court to certify a class, either conditionally or otherwise, is by way of a motion. Local Rule 23-3 dictates the timing of such a motion. Just because the Local Rule concerning the timing of motions for class certification is located within Local Rule 23 does not mean that it only applies to class actions brought pursuant to Federal Rule of Civil Procedure 23. Indeed, Local Rule 23-3 applies to all pleadings "purporting to commence a class action . . . ." The only exception contained within Local Rule 23-3 is for actions brought pursuant to the Private Securities Litigation Reform Act. The Ninth Circuit has held that local rules are laws of the United States, and valid if not inconsistent with the Federal Rules of Civil Procedure. *See, e.g., Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995); *see, also, Professional Programs Group v. Department of Commerce*, 29 F.3d 1349 (9th Cir. 1994) (holding that Local Rules "have the 'force of law' and are binding upon the parties and upon the court."). The Court therefore concludes that motions to certify FLSA collective actions are a type of class action, and, thus, are governed by Local Rule 23-3. This conclusion is supported by the fact that there is no reason that conditional certification of FLSA class actions, which relies on the pleadings and affidavits, could not be accomplished within ninety days of service of the complaint.

Initials of Deputy Clerk   se