JON D. MEER (State Bar No. 144389)
jmeer@seyfarth.com
SIMON L. YANG (State Bar No. 260286)
syang@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

LORIE E. ALMON (*admitted pro hac vice*)
lalmon@seyfarth.com
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and U.S.C. 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>Defendant. | Case No. CV10-2465 JFW (CWx)<br><br>*The Hon. John F. Walter*<br><br>**DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 6, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16<br><br>Complaint Filed: April 5, 2010<br>Discovery Cutoff: March 1, 2011<br>Motion Cutoff: March 28, 2011<br>Pre-Trial Conf.: May 6, 2011<br>Trial Date: May 24, 2011 |

12856715v.1 / 33250-270008

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1  TO PLAINTIFF, DOMINIQUE OSBORNE, AND HER COUNSEL OF
2  RECORD, TEEPLE HALL, LLP:
3       PLEASE TAKE NOTICE that on December 6, 2010, at 1:30 p.m., or as
4  soon thereafter as the matter may be heard, in the above-captioned Court, in the
5  Courtroom of the Honorable John F. Walter, located at 312 N. Spring Street,
6  Los Angeles, California, Defendant Prudential Insurance Company of America,
7  Inc. ("Defendant" or " Prudential") will and hereby does move this Court for
8  summary judgment as to the entire action filed by Plaintiff Dominique Osborne
9  ("Plaintiff") on the ground that there is no triable issue as to any material fact, as
10  follows:
11      1.    Plaintiff's Complaint contains a single cause of action for "unpaid
12  overtime," in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C.
13  § 207(a)(1).[1]  However, it is undisputed that Plaintiff is not entitled to overtime pay
14  because she never worked in excess of 40 hours per week.
15      2.    Given that Plaintiff is not entitled to overtime pay, her only other
16  means for recovery is a violation of the minimum wage requirements of the FLSA,
17  29 U.S.C. § 206(a)(1).  However, it is undisputed that Plaintiff always earned in
18  excess of the federal minimum wage, even if all of her alleged extra time worked is
19  considered.
20      3.    Plaintiff cannot recover damages, either as a violation of the overtime
21  requirements or the minimum wage requirements, because she deliberately failed
22  to notify Prudential of any alleged extra time worked.  It is undisputed that Plaintiff
23  was required to record all extra time worked on her daily time records and her
24  daily production logs.  Plaintiff was aware of these requirements, but deliberately

---

[1] Plaintiff's second and third causes of action are based on the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 *et seq.*  The second and third causes of action were dismissed voluntarily by Plaintiff, pursuant to Fed. R. Civ. Proc. 41, in a stipulation for dismissal filed with the Court on June 17, 2010.

chose not to record any extra time, which was a violation of company policy. As a result, Plaintiff cannot now claim she is entitled to unpaid wages based on alleged extra time worked that was never reported.

4. Plaintiff cannot recover unpaid wages, either as a violation of overtime pay requirements or minimum wage requirements, because any alleged extra time worked was *de minimis*. It is undisputed that Plaintiff's alleged extra time worked amounted to less than 10 minutes per day. Such alleged extra time of 10 minutes or less per day is considered *de minimis* and, therefore, not compensable.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Declaration of Jon D. Meer attaching the evidence cited herein, all of such documents are filed herewith; the deposition transcript of Plaintiff; all pleadings and papers on file in this action; and such other matters as may be presented to the Court prior to or at the hearing.

DATED: November 8, 2010

**SEYFARTH SHAW LLP**

By: _____/s/ Jon D. Meer_____
JON D. MEER
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, INC.