1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE OSBORNE, on her own behalf on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and U.S.C. 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,<br><br>Defendant. | Case No. CV10-2465 JFW (CWx)<br><br>*The Hon. John F. Walter*<br><br>**[PROPOSED] STATEMENT OF DECISION ON BEHALF OF DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.**<br><br>Date:                  December 6, 2010<br>Time:                  1:30 p.m.<br>Courtroom:     16<br><br>Complaint Filed:   April 5, 2010<br>Discovery Cutoff: March 1, 2011<br>Motion Cutoff:     March 28, 2011<br>Pre-Trial Conf.:   May 6, 2011<br>Trial Date:         May 24, 2011 |

12860370v.1 / 33250-270008

This matter came on for hearing on December 6, 2010, the Honorable John F. Walter, United States District Judge presiding, on a Motion for Summary Judgment filed by Defendant The Prudential Insurance Company of America, Inc. ("Prudential" or "Defendant") as to the Complaint filed on behalf of Plaintiff Dominique Osborne ("Plaintiff").

Plaintiff appeared and argued through her counsel of record, Grant G. Teeple and Jason N. Black of the law firm of Teeple Hall LLP. Defendant appeared and argued through its counsel of record, Jon D. Meer and Simon Yang of the law firm of Seyfarth Shaw LLP. Thereafter, with the pleadings and evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED in its entirety as follows:

Plaintiff worked for Prudential from August 21, 2008 to July 17, 2009. (SUF ¶ 1.) Plaintiff was assigned to the company's client service center or call center in Agoura Hills, California. (SUF ¶ 2.) Following her termination, Plaintiff filed a Complaint against Prudential for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Plaintiff's Complaint contains only one cause of action for "unpaid overtime Compensation." (Complaint, ¶¶ 46-52.) Plaintiff alleges that Prudential failed to pay overtime wages throughout her employment in violation of the FLSA, 29 U.S.C. § 207(a)(1). (Complaint, ¶ 50.) However, Plaintiff admitted in her deposition that she **never** worked overtime. (SUF ¶ 18.) More specifically, Plaintiff never worked over 40 hours in any week while she was employed at Prudential. (SUF ¶ 18.)

The FLSA mandates that employers pay overtime premium pay **only** when an employee works in excess of 40 hours in one workweek. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of its employees . . . for a workweek

12860370v.1 / 33250-270008                    1

[PROPOSED] STATEMENT OF DECISION ON BEHALF OF
DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"); *Smith v. T-Mobile USA, Inc.*, 570 F.3d 1119, 1120 n.1 (9th Cir. 2009) ("The FLSA states, in relevant part, that 'no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'") (citing 29 U.S.C. § 207(a)(1)). Because it is undisputed that Plaintiff never worked over 40 hours in any week, she has no viable claim for violation of the overtime provisions of the FLSA, 29 U.S.C. § 207(a)(1), as a matter of law.

Plaintiff also asserts that she was not paid "for all of the hours [she] worked." (Complaint, ¶¶ 25, 28, 29.) Despite these factual recitations, Plaintiff did not plead any cause of action for non-overtime wages. Thus, she has failed to preserve any right to allege such a claim.

But even if Plaintiff's allegations of other extra "hours worked" are considered, these allegations do not state any violation of the FLSA that could allow any recovery of damages. The FLSA allows recovery **only** for violation of its overtime pay requirements, 29 U.S.C. § 207(a)(1), or its minimum wage requirements, 29 U.S.C. § 206(a)(1). If the hours claimed to be worked do not exceed the FLSA's overtime pay requirements under 29 U.S.C. § 207(a)(1), then the issue becomes whether the claimed hours worked meet the FLSA's minimum wage requirements under 29 U.S.C. § 206(a)(1).

The minimum wage requirements of the FLSA merely require payment of the federal minimum wage based on the number of hours worked. Compliance with the minimum wage requirement is measured by an averaging method -- that is, "no violation occurs so long as the total weekly wage paid by an employer … [is] equal to the number of hours actually worked that week multiplied by the

12860370v.1 / 33250-270008

2

[PROPOSED] STATEMENT OF DECISION ON BEHALF OF
DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

1   minimum hourly [rate]." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d
2   353, 357 (8th Cir. 1986) (internal quotation omitted). *Accord Maciel v. City of Los*
3   *Angeles*, 542 F. Supp. 2d 1082, 1097 (C.D. Cal. 2008) (following *Hensley*).

4       Here, Plaintiff was paid $730.50 per week. (SUF ¶ 62.) In order for
5   Plaintiff's weekly pay of $730.50 to be less than the federal minimum wage of
6   $6.55 per hour, Plaintiff would have to work more than 111.5 hours per week. For
7   Plaintiff to work 111.52 hours in a five-day week, she would have to work 22.3
8   hours per day. Plaintiff, of course, does not claim to have worked such hours.

9       Because it its undisputed that Plaintiff earned in excess of the minimum
10  wage for all hours worked -- including all of the alleged extra time worked outside
11  her scheduled shift -- she cannot show a violation of the FLSA, as a matter of law.
12  *See Adair v. City of Kirkland*, 185 F.3d 1055, 1062 (9th Cir. 1999) (affirming the
13  denial of an FLSA claim for unpaid wages where the plaintiff earned above the
14  minimum wage; "The district court properly rejected any minimum wage claim . . .
15  finding that [the plaintiffs'] salary, when averaged across their total time worked,
16  still paid them above minimum wage."); *Maciel v. City of Los Angeles*, 542 F.
17  Supp. 2d 1082, 1097-1098 (C.D. Cal. 2008) ("The FLSA creates a cause of action
18  wherever a qualified employer fails to compensate for overtime. "Gap time" refers
19  to time that is not covered by the overtime provisions because the time exceeds the
20  internal employer's policy, but does not exceed the straight-time limits under the
21  FLSA;" "No violation [of the FLSA's] minimum wage requirements occurs so
22  long as the total weekly wage paid by an employer meets the minimum weekly
23  requirements of the statute, such minimum weekly requirement being equal to the
24  number of hours actually worked that week multiplied by the minimum hourly
25  statutory requirement.").

26      Even if the alleged off the clock gap time was compensable under the FLSA,
27  Plaintiff's claim would still fail for another separate and independent reason -- she
28  deliberately did not follow Prudential's written policies requiring her to record all

12860370v.1 / 33250-270008    3

[PROPOSED] STATEMENT OF DECISION ON BEHALF OF
DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

extra time worked and deliberately did not otherwise inform Prudential that she had worked off the clock without pay at any time during her employment.

Plaintiff knew that Prudential had written policies that governed how to record extra time worked beyond a scheduled shift and that Prudential had a specific policy regarding payroll and timekeeping. (SUF ¶ 26.) Prudential's written policies regarding payroll and timekeeping explicitly provide for extra pay for extra work. (SUF ¶ 59.)

Plaintiff admitted that Prudential's policy regarding payroll and timekeeping was always available on the electronic intranet system on her computer, but she never bothered to review the policy. (SUF ¶ 27.) Thus, Plaintiff intentionally failed to learn how to record any alleged extra time worked beyond her shift, despite the fact that she was aware that the relevant policies and practices were accessible to her.

Plaintiff also failed to inform her supervisor or manager that she allegedly worked extra hours. (SUF ¶ 29.) Plaintiff admitted that she knew she "should have" been paid for her extra time, but did not request payment. (SUF ¶ 29.)

Plaintiff's deliberate failure to comply with Prudential's written and published time recording policies and her deliberate failure to inform her supervisor or manager about her alleged off the clock work defeat any claim for unpaid wages under the FLSA. *See Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("An employer must have an opportunity to comply with the provisions of the FLSA;" "where the acts of an employee prevent an employer from acquiring knowledge here of alleged uncompensated [work] hours, the employer cannot be said to have suffered or permitted the employee to work in violation of [the FLSA].").

Finally, any alleged extra time worked by Plaintiff was *de minimis*. Based on her testimony, Plaintiff's alleged extra time worked before or after her shift varied day-to-day, but in general totaled less than 10 minutes. Uncompensated

12860370v.1 / 33250-270008

4

[PROPOSED] STATEMENT OF DECISION ON BEHALF OF
DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

1 work of approximately 10 minutes per day is most often considered *de minimis*
2 and, therefore, not compensable.  *See, e.g., Rutti v. Lojack Corp.*, 896 F.3d 1046,
3 1057-58 (9th Cir. 2010) ("No rigid rule can be applied with mathematical
4 certainty.  Nonetheless, most courts 'have found daily periods of approximately 10
5 minutes *de minimis* even though otherwise compensable.'").

6     In sum, there is no triable issue as to any claim for unpaid overtime, 29
7 U.S.C. § 207(a)(1), and no triable issue as to any unpaid work below the federal
8 minimum wage, 29 U.S.C. § 206(a)(1).  As a result, summary judgment is
9 GRANTED.  Defendant shall also recover its costs of suit.

11 DATED: December _____, 2010

    HONORABLE JOHN F. WALTER
United States District Judge
U.S. District Court
for the Central District of California

12860370v.1 / 33250-270008

5

[PROPOSED] STATEMENT OF DECISION ON BEHALF OF
DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.